J-A24002-21

2022 PA Super 184

| | | |
|---|---|---|
| DAVID RITCHEY AND HOLLY RITCHEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RUTTER'S INC., RUTTER'S HOLDING, INC, AND CHR CORPORATION AND GENERAL MOTORS COMPANY, SUPREME CORPORATION, JIFFY LUBE INTERNATIONAL, INC., KATHLEEN SWEIGART, AND KEITH MCNAUGHTON, JR. | : | No. 2219 EDA 2020 |
| | : | |
| APPEAL OF: RUTTER'S INC., RUTTER'S HOLDING, INC, AND CHR CORPORATION | | |

Appeal from the Order Entered September 15, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190801527

BEFORE:   LAZARUS, J., DUBOW, J., and PELLEGRINI, J.[*]

OPINION BY LAZARUS, J.:                    **FILED OCTOBER 20, 2022**

Defendants, Rutter's Inc, Rutter's Holding, Inc., and CHR Corporation (collectively, Rutter's) appeal from the trial court's order[1] denying their motion to transfer venue, from Philadelphia County to either Cumberland County or York County, on the basis of forum *non conveniens*.  **See** Pa.R.C.P. 1006(d)(1).  After careful review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See infra** at 6 (discussing our Court's grant of Rutter's petition for review of interlocutory order denying change of venue).

Plaintiffs, David and Holly Ritchey (h/w) (collectively, the Ritcheys), reside in Mechanicsburg, Cumberland County. Rutter's is a Pennsylvania corporation that has its principal place of business in York, Pennsylvania, and regularly conducts business in Philadelphia. On October 4, 2017, near the intersection of Slate Hill Road and Appleton Street in Lower Allen Township, Cumberland County, David Ritchey sustained personal injuries when a GMC[2] truck, owned by Rutter's and operated by a Rutter's employee,[3] stopped quickly to make a left-hand turn.[4] As a result of the truck's abrupt stop, Mr. Ritchey lost control of and was thrown from his motorcycle. Mr. Ritchey sustained catastrophic and permanent injuries, including, but not limited to, a traumatic brain injury, fractured bones and ribs, vision loss, severe headaches, and cognition and memory loss.

Immediately after the accident, Mr. Ritchey was airlifted to Penn State Health Milton S. Hershey Medical Center (Hershey), in Dauphin County, for

---

[2] On September 19, 2019, the parties stipulated that General Motors, LLC (GM) "shall be substituted in as a defendant in this matter in place of General Motors Company." Stipulation, 9/19/19, at ¶ 1. GM is the manufacturer of the Rutter's truck.

[3] At the time of the accident, Zachary Houseknecht was driving the Rutter's vehicle in which Garrett Ebersole was a passenger.

[4] The Rutter's truck was three vehicles ahead of Mr. Ritchey's motorcycle at the time of the accident. The two vehicles between Mr. Ritchey's motorcycle and the Rutter's truck were operated by additional Defendants, Kathleen Sweigert and Keith McNaughton. **See infra** at 4.

emergency medical care. After being released from Hershey, Mr. Ritchey received post-accident medical care for approximately three months at Jefferson University Hospital (Jefferson) and Magee Rehabilitation Hospital (Magee), both located in Philadelphia. In March and April 2018 and, again, in January and February 2019, Mr. Ritchey received rehabilitative care at Messiah Lifeways, which is located in Cumberland County.

On August 14, 2019, the Ritcheys filed a multi-count complaint against Defendants[5] in Philadelphia County. In their complaint, the Ritcheys raised claims of negligence against Rutter's, Jiffy Lube, GM, and Supreme Corporation (Supreme) (Counts I-III), strict products liability against GM and Supreme (Count IV), and breach of express and implied warranties against

_____

[5] Supreme allegedly installed the body of the Rutter's truck, which included the allegedly defective brake lights. Defendants Supreme and Jiffy Lube filed preliminary objections to the Ritcheys' complaint. The Ritcheys alleged, among other claims, that GM and Supreme had negligently designed, manufactured, assembled, distributed, sold, or supplied the subject GM truck, which could not be safely used as intended. Ritchey Complaint, 8/14/19, at ¶¶ 34-36. The Ritcheys also alleged that Jiffy Lube negligently performed maintenance upon and or/inspected the subject truck, including failing to ensure that the truck's rear brake light was operable. *Id.* at ¶¶ 29-32. Finally, the complaint alleged that Supreme and Jiffy Lube sold a dangerously defective product.

The court granted, in part, Jiffy Lube's preliminary objections striking, without prejudice, any allegations the Ritcheys made regarding recklessness, reckless conduct, and related claims for punitive damages. The court overruled the remainder of Supreme's and Jiffy Lube's preliminary objections.

Jiffy Lube was ultimately dismissed, without prejudice, from the underlying lawsuit on August 12, 2020.

GM and Supreme (Count V).[6]  The Ritcheys alleged that the Rutter's truck "was equipped with an unreasonably dangerous and defectively designed rear brake light apparatus that failed to effectively warn vehicles travelling behind the truck of sudden stops."  Ritchey Complaint, 8/14/19, at ¶ 19.  On November 22, 2019, Rutter's filed an answer and new matter, including cross-claims.  The Ritcheys filed a reply to Rutter's new matter.

On December 27, 2019, Rutter's and CHR Corporation moved to join, as additional Defendants, Kathleen Sweigert and Keith McNaughton—the individuals who allegedly operated the two motor vehicles traveling between Mr. Ritchey's motorcycle and the Rutter's truck when the incident in question occurred.  *See* Motion for Leave to File Joinder Complaint, 12/27/19, at ¶ 5; *see also* Pa.R.C.P. 2253 (joinder of parties).  On January 22, 2019, the court granted the motion and permitted Rutter's to file a joinder complaint against Sweigert and McNaughton.  Rutter's filed its joinder complaint on January 28, 2019, and, after being served, Sweigert and McNaughton were joined in the case.[7]

_____

[6] Holly Ritchey, in her own right, filed a loss of consortium claim against all Defendants.  *See* Ritchey Complaint, 8/14/19, at ¶¶ 50-52.

[7] On March 12, 2020, additional Defendant Sweigert filed an answer and new matter to the joinder complaint.  Additional Defendant McNaughton filed his answer and new matter and new matter cross-claim on October 20, 2020.

On March 16, 2020, Rutter's filed a motion to transfer venue, based upon Rule 1006(d)(1); GM, Jiffy Lube, and Supreme joined in the motion to transfer. In the motion, Rutter's alleged that the case should be transferred from Philadelphia County to either Cumberland County or York County for the convenience of the parties and witnesses, where: the underlying accident occurred in Cumberland County; none of the parties is domiciled or maintains its principal places of business in Philadelphia County; and an overwhelming number of witnesses are located in or adjacent to Cumberland County or York County and "would suffer significant hardship and inconvenience if forced to travel more than 100 miles (each way) to Philadelphia County for depositions and trial." Appellants' Brief, at 7. To support its motion to transfer venue, Rutter's attached 20 witness affidavits wherein each affiant attested to the fact that venue in Philadelphia County would be a "great hardship due to personal, family, and employment responsibilities and would otherwise be extremely inconvenient."

The Ritcheys filed a motion opposing the motion to transfer; Rutter's filed a reply to the Ritcheys' opposition motion. Between June and July of 2020, the parties conducted several remote depositions[8] for purposes of the

---

[8] These depositions were held remotely via Zoom from the affiants' Cumberland County and York County residences or places of business. **Cf. Hoose v. Jefferson Home Health Care, Inc.**, 754 A.2d 1 (Pa. Super. 2000) (stating defendant's consistent **appearance in chosen forum** for purposes
*(Footnote Continued Next Page)*

transfer motion. In addition, the parties filed supplemental briefs on the issue. On July 30, 2020, the trial court denied Rutter's motion to transfer without holding a hearing or issuing an opinion.

On September 15, 2020, Rutter's filed a petition for permission to amend the July 30, 2020 order to include language certifying the interlocutory order for immediate appeal. *See* Pa.R.A.P. 312, 1311(b); 42 Pa.C.S. § 702(b). The trial court denied the motion.[9] Although the trial judge did not initially author a Pa.R.A.P. 1925(a) opinion, in an order denying Rutter's petition for permission to appeal, the Honorable James Crumlish, III, "provided the salient factors that [he] considered in exercising [hi]s discretion" to deny Rutter's petition to transfer venue, stating:

1. The [c]ourt took into consideration the location of potential witnesses, their relationships to the parties and the availability of alternatives to in[-]person discovery and in[-]court

_____

of pre-trial procedures and discovery is legitimate consideration weighing against defendant's claim of oppressive or vexatious forum).

[9] In its order denying Rutter's motion to amend the trial court's July 30, 2020 interlocutory order, the court stated that the instant matter did not involve a controlling question of law for which there was a substantial ground for difference of opinion and that an immediate appeal from the interlocutory order would not materially advance the ultimate termination of the matter, noting that it had

fully consider[ed] the thorough briefing of the parties . . . consider[ed] the pled [c]omplaint [and the] identity of the claimed witnesses[,] and the failure of [Rutter's] to disclose the lengthy treatment that [Mr. Ritchey] received at medical facilities in Philadelphia County relating to [Mr. Ritchey's] claimed injuries[.]

Order, 9/15/20.

testimony to alleviate inconvenience to witnesses, methods the [c]ourt itself has sought to perfect during the emergency from [the pandemic] shutdown;

2. The [c]ourt further considered the extensive treatment that Plaintiff David Ritchey received at medical facilities in Philadelphia, treatment that was not disclosed in Defendants' moving papers, and treatment that provides more than an inconsequential or coincidental connection to this jurisdiction;

3. The [c]ourt considered the nature of the injuries suffered by Plaintiff and the substantial likelihood that both the liability and damages phases of the case would require a significant number of experts, individuals for whom neither Philadelphia nor York [n]or Cumberland County would be a convenient forum;

4. The [c]ourt considered [] the (even if remote) possibility Defendants' motivation or the transfer amounted to forum shopping to a jurisdiction with a lower verdict potential; and

5. [T]he [c]ourt took into consideration these factors in addition to the arguments of the parties and concluded that, in its discretion, Defendants had not met their burden to show that Plaintiffs' choice of forum was vexatious, oppressive, or overly burdensome to Defendants.

Order, 11/4/20, at 1-2.

On November 13, 2020, Rutter's filed a petition for review in this Court, *see* 42 Pa.C.S. § 5571(d); Pa.R.A.P. 1311, and an application for stay, both of which our Court granted on December 10, 2020. *See* Per Curiam Order, 12/10/20. In its appellate brief, Rutter's raises the following issue for our consideration:

Whether the [trial] court abused its discretion and/or committed an error of law in failing to follow the legal standard for transferring venue based on *forum non conveniens* established by

the Pennsylvania Supreme Court in **Cheeseman v. Lethal Exterminator, Inc.**, [] 701 A.2d 156 (Pa. 1997), and **Bratic v. Rubendall**, [] 99 A.3d 1 ([Pa.] 2014), where the "totality of the circumstances" overwhelmingly support transfer of venue.

Appellants' Brief, at 4.

On March 24, 2022, this panel remanded the matter to the trial court "for the preparation of a complete Rule 1925(a) opinion, wherein it [was to weigh[] all the relevant factors,[] including the averments in the twenty detailed affidavits offered by the defense, appl[y] **Bratic** to the facts of this case, and give[] due consideration to the significance of the distance between the forum county and the transfer counties, Cumberland and York, in this matter." **Ritchey v. Rutter's Inc.**, No. 2219 EDA 2020, at *18 (Pa. Super. filed March 24, 2022) (unpublished memorandum decision). On May 2, 2022, Judge Crumlish filed an 11-page Rule 1925(a) opinion discussing the reasons for denying Defendants' motion to transfer. Specifically, the court found that the 20 affidavits represented a "superficial[,] forced showing of inconvenience," and that "the witnesses['] statements indicate that any interruption of their daily activities to attend a trial anywhere represents a hardship, with the additional distance enhancing the time required to participate[, and that d]istance, alone, as an abstract factor[,] is an insufficient basis upon which to transfer this matter." Rule 1925(a) Opinion, 5/2/22, at 10-11. The court also mentioned that by using the "tools available to the court," **id.** at 10, convenience may be achieved without witnesses having to travel the long distance from York or Cumberland County to

Philadelphia. The parties submitted supplemental briefs after the court issued its Rule 1925(a) opinion on remand. On August 23, 2022, this Court heard reargument on the transfer issue. The matter is now ripe for disposition.

It is well established that "a plaintiff's forum choice should be 'rarely . . . disturbed[;]' [it] is entitled to great weight, and must be given deference by the trial court[, but it] is not absolute or unassailable." ***Powers v. Verizon Pa., LLC***, 230 A.3d 492, 496 (Pa. Super. 2020) (quotation omitted). In ruling on a petition to transfer venue pursuant to Rule 1006(d)(1), a trial court is "vested with considerable discretion . . . to balance the arguments of the parties, consider the level of prior court involvement, and consider whether the forum was designed to harass the defendant." ***Bratic***, 99 A.3d at 7. "Thus, the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration on the record of the claimed hardships." ***Okkerse v. Howe***, 556 A.2d 827, 832 (Pa. 1989). The moving party must "present a sufficient factual basis for the petition[, and t]he trial court retains the discretion to determine whether the particular form of proof presented in support of the petition is sufficient." ***Wood v. E.I. du Pont de Nemours & Co.***, 829 A.2d 707, 714 (Pa. Super. 2003) (en banc).

On appeal, we will only reverse a trial court's decision as to the transfer of venue if the trial court abused its discretion. ***Cheeseman***, ***supra*** at 159. "An abuse of discretion is not merely an error of judgment, but occurs only

where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill will, as shown by the evidence o[f] . . . record." ***Bratic***, ***supra*** at 7 (citation omitted). "[W]here the record does not reflect an abuse of discretion by the trial court, the Superior Court may not disturb a trial court's discretionary ruling by substituting its own judgment for that of the trial court." ***Polett v. v. Public Communs., Inc.***, 126 A.3d 895, 923 (Pa. 2015).

Pennsylvania Rule of Civil Procedure 1006(d)(1)[10] provides:

> **For the convenience of the parties and witnesses** the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1) (emphasis added). "While a plaintiff need not provide reasons for selecting one venue over another, the doctrine of forum *non conveniens* 'is a necessary counterbalance to [e]nsure fairness and practicality.'" ***Okkerse***, ***supra*** at 832. However, a plaintiff's choice of forum is generally controlling and "should rarely be disturbed by the grant of a Rule 1006(d)(1) petition." ***Moody v. Lehigh Valley Hosp.-Cedar Crest***, 179 A.3d 496, 507 (Pa. Super. 2018). "Moreover, the term forum *non conveniens* is actually a misnomer because inconvenience is not enough reason to transfer

---

[10] In its reply brief, Rutter's specifically notes that it has only ever challenged venue based upon Rule 1006**(d)(1)**. Appellee's Reply Brief, at 9 ("Rutter's Defendants never challeng[ed] the propriety of venue in Philadelphia County under Rule 1006(e) of the Pennsylvania Rules of Civil Procedure[.]") (emphasis added).

- 10 -

venue. The plaintiff's choice of forum must be either vexatious, *i.e.*, intended to harass, or so oppressive as to require transfer." ***Id.*** (citation omitted).

***Cheeseman***, ***supra***, is the seminal case in which our Supreme Court set forth a defendant's burden to successfully change venue of a case based on the doctrine of forum *non conveniens*:

> [T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself. Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of [the] premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him.

***Id.*** at 162 (citation omitted). Later, in ***Bratic***, ***supra***, our Supreme Court clarified the level of "oppression" needed for a trial court to grant a change of venue based on forum *non conveniens*. Specifically, the ***Bratic*** Court reaffirmed ***Cheeseman***'s holding that "[m]ere inconvenience remains insufficient" to grant a venue change, but further stated that "there is no burden to show near-draconian consequences." ***Bratic***, 99 A.3d at 21; ***id.*** at 7-8 (in seeking transfer under Rule 1006(d)(1), defendant must "demonstrate[], with detailed information on the record," that chosen forum is oppressive or vexatious, not merely inconvenient). ***See Wood***, ***supra*** at 712 (important considerations when measuring oppressiveness are: relative ease of access to witnesses or other sources of proof; availability of

compulsory process for attendance of unwilling, and cost of obtaining willing, witnesses; costs associated with witnesses' attendance; and ability to conduct view of premises involved in dispute).

Rutter's insists that this case is controlled by **Bratic**. In **Bratic**, Plaintiffs instituted a lawsuit in Philadelphia County for wrongful use of civil proceedings and common-law abuse of process claims based on a previously-dismissed tortious interference lawsuit that had been brought in Dauphin County. **Id.** at 3. Defendants petitioned to transfer venue of the wrongful use/abuse of process case to Dauphin County, pursuant to Rule 1006(d)(1), based on forum *non conveniens*. **Id.** In their petition, Defendants alleged that the pertinent witnesses and evidence were located in Dauphin County, that taking witness depositions would be a hardship if they occurred in Philadelphia County, and that trial in Philadelphia County would also prove to be a hardship as the venue was more than 100 miles from Dauphin County. **Id.** at 4. To support their petition, Defendants provided seven affidavits from potential witnesses, all of whom lived more than 100 miles from Philadelphia. **Id.** Each witness stated in his or her affidavit that having trial in Plaintiffs' chosen forum

> "'would be both disruptive and a personal and financial hardship if [he or she] should be called to testify at deposition or trial' because he or she 'would have to incur substantial costs for fuel, tolls and, if traveling overnight, for lodging and meals[, and for] every day of deposition or trial in Philadelphia, [he or she] would be forced to take at least one full day away from [work].'"

**Id.**

Relying on **Cheeseman**, the trial court in **Bratic** granted Defendants' petition to transfer venue for the following reasons: (1) the prior lawsuit took place in Dauphin County; (2) all Defendants were from Dauphin County; (3) each of Defendants' eight witnesses lived more than 100 miles from Philadelphia County and was "engaged in business activities [that] make their ability to appear at trial in Philadelphia County far more of a burden than a trial in Dauphin County;" and (4) the only connection with Philadelphia County was the fact that all Defendants occasionally conducted business there. **Bratic**, 99 A.3d at 4. On appeal, a three-judge panel affirmed the trial court's order transferring the case to Dauphin County. **See Bratic v. Rubendall**, No. 2413 EDA 2009 (Pa. Super. filed Jan. 14, 2011) (now-withdrawn unpublished memorandum decision). A divided Court en banc reversed the panel decision, finding that Defendants did not meet the burden of demonstrating that trial in the Plaintiffs' chosen forum "would be oppressive or vexatious," noting that the trial court relied on irrelevant factors (Plaintiffs' putative inconvenience; prior lawsuit having been brought in Dauphin County; Defendants' sole connection to Philadelphia County is occasional business; and site of precipitating event occurred outside of Philadelphia County) and that Defendants "ha[d] not offered particularized averments sufficient to satisfy their burden as required by **Cheeseman** and its progeny." **Bratic**, 99 A.3d at 5.

Our Supreme Court granted the Defendants' petition for allowance of appeal and ultimately concluded that the trial court, after considering the totality of the evidence, had properly transferred the case. *Id.* at 8. The Court pointed out that the trial court was correct in not considering court congestion where it would not have borne on the ultimate consideration as to whether the chosen venue was oppressive or vexatious. *Id.* Moreover, the Supreme Court found that the affidavits presented by the defense did not lack the requisite detail to illustrate how businesses would be affected by trial in Philadelphia, where "the interference with one's business and personal life caused by the participatory demands of a distant lawsuit is patent," *id.* at 9, especially where the case involves a transfer from Philadelphia to a more distant county, like Dauphin. While the Court noted that "distance alone is not dispositive, . . . it is inherently a part of the equation." *Id.* ("Dauphin County . . . is not a neighbor of Philadelphia, and one needs no detailed affidavit to understand the difference in logistics necessitated by a separation of 100 miles."); *id.* at 10 (affidavits demonstrating trial 100 miles away is manifestly troublesome). Ultimately, the Supreme Court reaffirmed the ***Cheeseman*** standard, but held that "the showing of oppression needed for a judge to exercise discretion in favor of granting a forum *non conveniens* motion is not as severe as suggested by the Superior Court's post-***Cheeseman*** cases." *Id.*

Similar to the defendant in **Bratic**, Rutter's argument is based on an allegation that trial in Philadelphia County would be oppressive where plaintiff's chosen forum is more than 100 miles from York County and Cumberland County. **See Cheeseman**, 701 A.2d at 162 (in addition to proving vexatiousness, defendant may, alternatively, meet burden to transfer venue under Rule 1006(d)(1) by "establishing on the record that trial in the chosen forum is oppressive to him"). Thus, in order to successfully transfer the case, Rutter must demonstrate "with detailed information on the record, that [the Ritcheys'] chosen form is oppressive or vexatious to [Rutter's]." **Id.**

In their response to Rutter's motion to transfer, the Ritcheys note that "[n]othing contained in [Defendants'] affidavits comes close to 'detailed information' that venue in Philadelphia is oppressive or vexatious" and that "[Rutter's argument] that the location of the alleged personal injury and a majority (if not all) of the prospective witnesses work or reside in Cumberland County . . . is unequivocally 'not the type of record evidence that proves litigating the case in the chosen forum is oppressive and vexatious.'" Response in Opposition to Plaintiffs' Motion to Transfer, 5/5/20, at 11-12 (emphasis in original). **Cf. Powers v. Verizon Pa., L.L.C.**, 230 A.3d 492, 500 (Pa. Super. 2020) (where plaintiff failed to dispute, with particularity, defendant's averments in petition to transfer, defendant "effectively admitted those averments").

Instantly, Rutter's supported its motion to transfer with twenty affidavits from potential witnesses, many of whom aver that trial in Philadelphia would be oppressive and a "great hardship." **See Bratic**, **supra**. The Ritcheys countered Rutter's motion with additional deposition testimony from two potential witnesses stating that trial in Philadelphia would *not* be oppressive. **See Fessler v. Watchtower Bible & Tract Soc'y of N.Y. Inc.**, 131 A.3d 44, 52 (Pa. Super. 2015). However, at least two other witnesses testified during their depositions that travel **would** *be* oppressive and more than burdensome, citing the COVID-19 pandemic,[11] civil unrest, increased work obligations, and childcare needs as reasons for the now-apparent burden. **See Bratic**, **supra** at 9 (holding "when the case involves a transfer from Philadelphia to a more distant county, factors such as the burden of travel,

_____

[11] Although not precedential, we note that the COVID-19 pandemic came into play in the context of *forum non conveniens* in **Favire v. CONRAIL**, 264 A.3d 385 (Pa. Super. 2021) (unpublished memorandum decision), where our Court stated:

> In that same vein, the court considered the administrative difficulties associated with maintaining this action in Philadelphia concurrent with the COVID-19 pandemic, maintaining that COVID-19 has "strained the Philadelphia court system," which is the largest trial court system in the Commonwealth and that the "[i]ntroduction of unnecessary cases or parties needlessly upsets the delicate balance between public safety and the public interests protected by court staff."

*Id.* at *18 (stating further that "public interest is not served having a Philadelphia jury risk exposure for a case that has only fleeting connections to this jurisdiction").

time out of the office, disruption to business operations, and the greater difficulty involved in obtaining witnesses and sources of proof are more significant").[12]

Using a totality of the circumstances approach for its transfer analysis, which it must, the trial court looked to other "salient factors" in addition to the 20 defense affidavits to determine whether the case should be tried in York or Cumberland Counties. *See Catagnus v. Allstate Ins. Co.*, 864 A.2d 1259 (Pa. Super. 2004) (balancing test of relative convenience of plaintiff's chosen forum against defendant's proposed alternative forum is misapplication of forum *non conveniens* law). While acknowledging that several of Mr. Ritchey's post-accident acute care and rehabilitation providers were located in Dauphin County, Cumberland County, and York County—each more than 100 miles from Philadelphia County—the trial court found compelling the fact that two of Mr. Ritchey's treating physicians are from Magee in Philadelphia, that Mr. Ritchey received medical treatment at Jefferson, also located in Philadelphia, and that Mr. Ritchey indicated that Magee physicians would be retained as

---

[12] The evidence gathered for the venue motion occurred at the beginning of the COVID lock-down period, when many courthouses, businesses, and cities were shutting down operations and transitioning to remote work. Notably, during the remote depositions counsel for the parties indicated that it would be difficult to estimate a trial date in the matter since trials had been halted in Philadelphia and the future landscape of jury trials amidst a pandemic was uncertain.

expert witnesses in the case.[13] *See Bratic*, *supra* (trial court's mere mention of facts that none of plaintiffs was from Philadelphia and cost of counsel travelling to Dauphin County "does not constitute an abuse of discretion or misapplication of the law" where those factors were not sole reasons for judge's decision). Notably, unlike in *Bratic* where there was no connection to Philadelphia other than the fact that "[defendants] occasionally conduct[ed] business [there]," *id.* at 4, here, Mr. Ritchey received three months of post-accident medical care in Philadelphia and two of his treating physicians, who have been retained as expert witnesses in the case, are from Philadelphia.

In addition, when a case involves a transfer from Philadelphia to a more distant county, like Cumberland County or York County, "factors such as the burden of travel, time out of the office, disruption to business operation, and the greater difficulty in obtaining witnesses and sources of proof are more significant." *Bratic*, *supra* at 564 (citation omitted). Here, Rutter's presented 20 affidavits from potential witnesses averring that trial in Philadelphia would be oppressive and a great hardship due to personal, family, and employment responsibilities. *See Bratic*, *supra* at 563 ("the interference with one's business and personal life caused by the participatory demands of

_____

[13] *See* Plaintiffs' Response in Opposition to Motion to Transfer, 4/17/20, at 2 n.2 ("Both Dr. Fried and Dr. Kucer have been retained by Plaintiffs as expert witnesses in this case and will author reports on Mr. Ritchey's injuries, treatment[,] and prognosis. **Both Dr. Fried and Dr. Kucer work in Philadelphia County and live in the Philadelphia area**.") (emphasis in original).

a distant lawsuit is patent"). However, the trial court ultimately concluded that "neither Philadelphia nor York nor Cumberland County would be a convenient forum [for the] significant number of experts necessary for the liability and damages phases of the case." Trial Court Order, 11/4/20, at 2.

Although a majority of the Rutter's affiants stated that travel to Philadelphia would be a "great hardship due to personal, family, and employment responsibilities" and that such a commute would be "oppressive and very inconvenient," the court found the affidavits fell short of fulfilling the defense's burden.[14] Specifically, the trial court determined that, based upon the record evidence, defendants did not "support [the petition] with detailed information" that rose to the level of providing "a sufficient factual basis" for granting the request to transfer the case. **Bratic**, **supra** at 9. **See Wilson v. Levine**, 963 A.2d 479 (Pa. Super. 2008) (defendant did not sustain burden of proving trial in plaintiff's forum oppressive where record insufficient to show defendant's named witnesses, who alleged hardship, were relevant to core issue in case). Moreover, the court found the affiants' statements "indicate[d] that **any** interruption of their daily activities to attend a trial **anywhere** represents a hardship, with the additional distance enhancing the time

---

[14] Cumberland County is roughly 137 miles from Philadelphia and York County is roughly 106 miles from Philadelphia. **See Cubano v. Sheehan**, 146 A.3d 791 n.5 (Pa. Super. 2016) (court may take judicial notice of geographical facts).

required to participate" and that "[d]istance alone, as an abstract factor[,] is an insufficient basis upon which to transfer th[e] matter." Trial Court Opinion, 4/13/22, at 11 (emphasis added).

After a comprehensive review of the record, we conclude that the trial court did not abuse its discretion in denying Rutter's motion to transfer venue on the basis of forum *non conveniens*. **Walker**, **supra**. Where the trial court "retains the discretion to determine whether the particular form of proof is sufficient [to transfer a case]," **id.** at 9, we find no abuse of discretion in the court's ultimate decision, where the court found: (1) "as information gathers after the fact," new witnesses may need to be called to testify and that witnesses originally identified may offer "cumulative" testimony or not even be necessary; (2) the use of technology to conduct remote depositions and garner witness statements has substantially increased since the onset of the COVID-19 pandemic and has become a vital component of pre-trial discovery in civil trials; (3) two key eyewitnesses to the accident, Carol Vinck[15] and additional Defendant McNaughton, included sworn testimony of their "willingness to travel to Philadelphia County for their depositions or for trial, and that it would **not** be oppressive or inconvenient for them to do so;" (4) the Rutter's affidavits contain averments amounting to nothing more than "a

---

[15] Vinck was operating the vehicle behind Mr. Ritchey's motorcycle at the time of the accident.

**superficial** forced showing of inconvenience;" (5) Mr. Ritchey received three months of medical care at a Philadelphia hospital and rehabilitation center; (6) two of Mr. Ritchey's treating physicians, who have been retained as expert witnesses, are located in Philadelphia; and (7) the likelihood that a substantial number of expert witnesses will be involved in the liability and damage phases of trial, for whom neither Philadelphia nor York or Cumberland Counties would be convenient forums. Trial Court Order, 11/4/20, at 1-2 (emphasis in original); Trial Court Opinion, 4/13/22, at 7-10.

Here, the maxim that "there is a vast difference between a finding of inconvenience and one of oppressiveness," **Hoose**, **supra** at 5, rings true. Although admittedly a close case, one in which we may have reached a conclusion different than the trial court, we are mindful that we may not substitute our judgment for that of the trial court. **Polett**, **supra**. Thus, where the court's decision did not rise to the level of overriding or misapplying the law, nor was it manifestly unreasonable or the result of prejudice, bias, partiality, or ill will, we must affirm. **Bratic**, **supra**.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/20/2022*