J-A07002-23

2023 PA Super 96

| | | |
|---|---|---|
| JOHN D. EHMER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MAXIM CRANE WORKS, L.P. | : | No. 2431 EDA 2022 |

Appeal from the Order Entered August 2, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200801612

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY DUBOW, J.: **FILED JUNE 07, 2023**

Appellant, John D. Ehmer, appeals from the trial court's order transferring venue in the underlying personal injury lawsuit from Philadelphia County to Columbia County based on *forum non conveniens*.[1] After careful review, we conclude that the trial court abused its discretion. We are, thus, constrained to reverse the order transferring venue.

Appellant is a resident of Berwick, Columbia County. Maxim is a Kentucky corporation, registered to conduct business in Pennsylvania.[2] Maxim's Pennsylvania corporate office is in Bridgeville, Allegheny County.

---

[1] An order transferring venue is an interlocutory order, appealable as of right. Pa.R.A.P. 311(c)

[2] It appears from the pleadings that Maxim's principal place of business is in Kentucky, but it is registered to conduct business as a limited partnership in Pennsylvania.

On February 20, 2019, Appellant suffered injuries when his vehicle collided with the rear of a Maxim tractor trailer on Interstate 80 in Columbia County. The Maxim truck was driving below the speed limit in the right lane of travel.

On August 19, 2020, Appellant filed the instant personal injury lawsuit against Maxim in Philadelphia County.[3] On April 5, 2022, after the completion of discovery, Maxim filed a motion requesting to transfer venue to Columbia County pursuant to *forum non conveniens*. Maxim alleged that trial in Columbia County would provide easier access to Appellant's medical records and the scene of the collision, and trial in Philadelphia would pose a hardship to three witnesses: Kurt McHugh, Kelly Bowman, and Pennsylvania State Trooper Nicholas Alifieris. In support, Maxim attached to its motion written affidavits, signed by the witnesses, that compare the burden of appearing in Columbia County with the burden of appearing in Philadelphia County. Maxim did not include, in the affidavits or relevant trial court filings, a summary of the testimony of the witnesses and an explanation of the relevancy of the testimony to Maxim's defense.

On August 2, 2022, after briefing from the parties, the court granted Maxim's motion and transferred venue from Philadelphia to Columbia County. On August 3, 2022, Appellant filed an Emergency Motion for Reconsideration.

---

[3] The trial court overruled Maxim's preliminary objections to venue in Philadelphia. **See** Order, 12/9/20.

On August 24, 2022, the court denied Appellant's motion. Appellant timely filed a Notice of Appeal.

Appellant raises a single issue for our review:

Whether the trial court abused its discretion, thereby committing an error of law, in granting the motion of Maxim to transfer this matter from the Court of Common Pleas of Philadelphia County where it had been pending for almost two years and was scheduled for a trial date certain in that court in only 31 days, to the Court of Common Pleas of Columbia County, based upon the doctrine of *forum non conveniens*, where, as here, Maxim failed to produce sufficient evidence of record to meet its heavy burden of demonstrating that the continued litigation of this case in the trial court in Philadelphia County would be oppressive and vexatious, thus warranting transfer to the Court of Common Pleas of Columbia County?

Appellant's Br. at 6 (unnecessary capitalization omitted, proper nouns amended).

**A.**

A plaintiff's choice of forum "is entitled to great weight, and must be given deference by the trial court." ***Powers v. Verizon Pa., LLC***, 230 A.3d 492, 496 (Pa. Super. 2020). As a result of that deference, the plaintiff's choice of forum "should rarely be disturbed[.]" ***Cheeseman v. Lethal Exterminator, Inc.***, 701 A.2d 156, 162 (Pa. 1997).

A plaintiff's choice of forum is not, however, unassailable. A court may override the plaintiff's prerogative and order a venue transfer where the defendant proves, "with detailed information on the record," that the plaintiff's

chosen forum is oppressive.[4] ***Wood v. E.I. du Pont de Nemours and Co.***, 829 A.2d 707, 711-12 (Pa. Super. 2003) (*en banc*). ***See also*** Pa.R.C.P. 1006(d)(1).[5]

"[I]mportant considerations when measuring oppressiveness are: relative ease of access to witnesses or other sources of proof; availability of compulsory process for attendance of unwilling, and cost of obtaining willing, witnesses; costs associated with witnesses' attendance; and ability to conduct [a] view of premises involved in dispute." ***Ritchey v. Rutter's Inc.***, 286 A.3d 248, 255 (Pa. Super. 2022) (citation omitted). There is "a vast difference between a finding of inconvenience and one of oppressiveness" and, thus, we reiterate that "the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration *on the record* of the claimed hardships." ***Id.*** at 254, 259 (emphasis added, citations omitted). ***See also Bratic v. Rubendall***, 99 A.3d 1, 7-8 (Pa. 2014) (same).

_____

[4] A defendant may also secure transfer of venue where it proves that the plaintiff's choice of forum was vexatious, *i.e.*, "designed to harass the defendant[.]" ***Wood***, 829 A.2d at 712. Maxim does not allege that Appellant elected to file his lawsuit in Philadelphia to harass it.

[5] "For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). "[W]hile Rule 1006(d)(1) on its face allows transfer based on 'the convenience of the parties,' convenience or the lack thereof is not the test our case law has established: the moving party must show the chosen forum is either oppressive or vexatious." ***Bratic v. Rubendall***, 99 A.3d 1, 8 (Pa. 2014) (citation omitted).

Finally, we review the trial court's decision for abuse of discretion. ***Walls v. Phoenix Ins. Co.***, 979 A.2d 847, 850 n.3 (Pa. Super. 2009). "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record." ***Ritchey***, 286 A.3d at 254 (citation and ellipses omitted).

**B.**

In its Rule 1925(a) opinion, the trial court explained that it granted Maxim's motion to transfer venue because the witnesses, parties, medical records, and scene of the collision are all located in Columbia County:

> Here, the scene of the accident that [gave] rise to the causes of action in [Appellant's] Complaint, all fact witnesses expected to be called at trial, all records related to Plaintiff's medical treatment, and the Parties themselves are located in or near Columbia County and are located more than 100 miles and several hours from Philadelphia.
>
> Also, trial in Columbia County would provide easier access for a jury view of the scene of the accident. . . . Plaintiff's perception of the scene is a crucial issue in this case, such that Plaintiff's experts opine that the conditions were such that he could not see properly, while Defendants' experts reach a contrary conclusion. The jury's understanding of the circumstances of the accident would clearly be aided by a view of the accident location, and, like in ***Wood***, the Defendant's request for a jury view was warranted[.]
>
> The affidavits of Trooper [Alifieris], Mr. McHugh, and Ms. Bowman provide further support to conclude that a trial in Philadelphia would be oppressive to [Maxim].

Trial Ct. Op., 10/17/22, at 7-8.

**C.**

Appellant argues that the trial court erred by improperly considering certain factors when transferring venue. Appellant's Br. at 20-37. In particular, he first argues that the court should not have considered the hardship posed to McHugh, Bowman, and Trooper Alifieris because Maxim failed to provide a "general statement of what their testimony will cover." *Id.* at 22. We agree.

As a starting point to our analysis, we reiterate that a defendant seeking to transfer venue bears the burden of placing detailed information on the record to support transfer. *Ritchey*, 286 A.3d at 255. When the transfer request is based on an allegation of witness hardship, the defendant must (1) identify the allegedly encumbered witness, and (2) make a general statement of what testimony that witness will provide. *Bochetto v. Dimeling, Schreiber & Park*, 151 A.3d 1072, 1083 (Pa. Super. 2016) (citing *Petty v. Suburban Gen. Hosp.*, 525 A.2d 1230, 1234 (Pa. Super. 1987). The general statement must establish that the witness possesses testimony that is relevant and necessary to the defense. *See id.* (referring to such witnesses as "key" to the defense).

The relevance of the witness' testimony is core to the court's *forum non conveniens* analysis, because hardship to a particular "key witness may outweigh a great number of less important witnesses." *Id.* (citation omitted). It is, thus, incumbent upon the defendant to show, through the general statement of witness testimony, that its proposed witness is relevant to its defense. Mere speculation that a witness possesses relevant information is not

- 6 -

sufficient. **Walls**, 979 A.2d at 853-54. Only after the defendant has placed detailed information on the record establishing that the witness possesses information relevant to its defense should the trial court proceed to consider the alleged hardship posed to the witness.[6]

Here, Maxim appended to its transfer motion three affidavits, one each for McHugh, Bowman, and Trooper Alifieris. In each affidavit, the witness speculates that "I understand that I may be called as a witness to testify and or attend trial," and alleges that testifying in Philadelphia would pose a hardship. McHugh Aff. ¶¶ 3-4, 2/16/22; Bowman Aff. ¶¶ 4-5, 4/1/22; Trooper Alifieris Aff. ¶¶ 3-4, 2/9/22. None of the affidavits, however, indicate the content of the witness' potential testimony. Moreover, Maxim did not, in its motion to transfer venue or any of its filings in support, provide a general statement about the testimony that McHugh, Bowman, or Trooper Alifieris would provide on its behalf. Instead, Maxim alleged that the content of the witnesses' testimony is obvious from their employment. **See** Reply Brief, 4/29/22, at 11-13.

The court found that trial in Philadelphia would pose a hardship to McHugh, Bowman, and Trooper Alifieris, and that such hardship warranted in

---

[6] After the defendant proves that the proposed witness possesses relevant testimony, the trial court must determine if the witness will suffer sufficient hardship from trial in a distant forum. **See Bratic**, 99 A.3d at 9-10 (discussing the sufficiency of hardship to witnesses). If so, the witness' hardship factors into the trial court's *forum non conveniens* analysis. The weight that the trial court places on the hardship should be in direct proportion to the degree of relevance or necessity of that witness' testimony to the defense. **See Bochetto**, 151 A.3d at 1083.

favor of venue transfer. The trial court did not, however, make any finding that these witnesses possess testimony relevant to Maxim's defense. Nor could the trial court make such a finding, as Maxim failed to provide the court with any statement of what testimony those witnesses would provide. We, thus, conclude that the trial court abused its discretion by misapplying the law when it found that hardship to McHugh, Bowman, and Trooper Alifieris warranted in favor of a venue transfer, without first determining that these witnesses possess testimony relevant to Maxim's defense.[7, 8]

**D.**

Appellant next asserts that the court erred by considering the need for a site visit as a factor in transferring venue. Appellant's Br. at 33-37. The trial court determined that a site visit in this case is necessary and, thus, weighs in favor of transfer to Columbia County. **See** Trial Ct. Op. at 7-8.

---

[7] In its brief to this Court, Maxim cites numerous cases in support of its assertion that the affidavits were sufficient to justify a venue transfer. **See** Maxim's Br. at 26-28. We find these cases distinguishable because they do not address the situation here—that Maxim failed to establish that these witnesses were relevant to its defense. Rather, these cases address a separate and distinct issue: the sufficiency of the evidence that a witness would suffer hardship if required to testify in a distant forum. **See, e.g.**, **Bratic**, 99 A.3d at 9-10.

[8] Additionally, in granting the venue change, the trial court considered, without identifying any specific witnesses, that "all fact witnesses expected to be called at trial" reside in Columbia County. Trial Ct. Op. at 7. This was error, as the existence of speculative, unnamed witnesses is not the type of detailed record information necessary to justify a venue transfer. **See Walls**, 979 A.2d at 853-54 (observing that "'potential' witnesses who might be called to appear" do not factor into the *forum non conveniens* analysis).

To justify a venue transfer based on the need for a site visit, the need must be supported by detailed information on the record.[9] ***Walls***, 979 A.2d at 852-53. While the law does not require any particular form of proof, "a mere guess about the likelihood of a future [site visit] can hardly be construed as the type of 'detailed information on the record' that was mandated by the Supreme Court[.]" ***Id.*** at 853. This is because site visits are "seldom necessary . . . and our experience is that such visits are rarely conducted." ***Id.*** at 852 (citing ***Johns v. First Union Corp.***, 777 A.2d 489, 492 (Pa. Super. 2001)) (emphasis and internal quotation omitted).

Finally, we emphasize that with the state of modern technology, site visits are rarely the sole means of providing a factfinder with necessary information about the site of an event. In ***Walls***, we observed that site visits are rare, particularly where "there is no reason to believe that photographs, videos, or even an internet transmitted webcast, could not suffice[.]" ***Id.*** at 853. Technology has made the need for such visits nearly obsolete.

With these principles in mind, we address whether the trial court properly determined that the need for a site visit supports a venue transfer.

_____

[9] ***Compare Wood***, 829 A.2d at 713-15 (affirming order transferring case pursuant to *forum non conveniens* in premises liability action based on, *inter alia*, the trial court's finding that the defendant placed detailed information on the record establishing the need for a jury view at trial), ***with Johns v. First Union Corp.***, 777 A.2d 489, 492 (Pa. Super. 2001) (reversing order transferring case pursuant to *forum non conveniens* in premises liability action based on, *inter alia*, the trial court's finding that the defendant only made a bald conclusion, without any facts to support it, that a jury view would be necessary at trial).

The trial court relied on Maxim's argument that a jury view of the scene would be necessary due to a material disagreement in the expert opinions. Trial Ct. Op. at 7-8. The court opined that Appellant's "perception of the scene is a crucial issue in this case, such that [Appellant's] experts opine that the conditions were such that he could not see properly, while [Maxim's] expert[] reach[es] a contrary conclusion." *Id.* Thus, "a jury view was warranted[.]" *Id.* at 8.

After careful review, including a thorough review of the expert reports appended to Maxim's transfer motion, we conclude that the record does not support the trial court's finding. None of the experts rely on, or even mention, the physical condition of the scene as a contributing factor to the collision. Rather, the primary dispute between the experts involves whether the Maxim truck was fully in the right lane or partially onto the right shoulder at the time of the collision. More importantly, Maxim's expert does not opine that Appellant's perception of the scene of the collision is relevant to its defense. The trial court, thus, abused its discretion by misapplying the law when it considered the need for a site visit in the absence of any evidence on the record that such a need exists.

**E.**

The trial court's remaining considerations are insufficient to justify a venue transfer. The trial court relied on the fact that Appellant's medical records are maintained and stored in Columbia County. Trial Ct. Op. at 7. Since technology allows the quick and easy transfer of medical records, the

initial location of the records is not a factor that establishes the need to change Appellant's choice of forum.

The court also relied upon the fact that Appellant lives in Columbia County. *Id.* This factor alone is insufficient to warrant a change of venue. *Bratic*, 99 A.3d at 8 (the plaintiff's residence "is peripheral to the issue and insufficient to warrant transfer").[10]

**F.**

In sum, considering the above, we are constrained to reverse the trial court's order transferring this case to Columbia County.

Order reversed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 6/7/2023*

---

[10] Contrary to the trial court's finding, Maxim's corporate office is not "in or near Columbia County." Trial Ct. Op. at 7. It is, in fact, several counties away in Allegheny County. Answer of Defendant, Maxim Crane Works, L.P., to Plaintiff's Complaint with New Matter, 12/21/20, at ¶ 2 ("It is admitted only that Maxim Crane Works is located at 1225 Washington Pike, Bridgeville, PA."). *Ritchey*, 286 A.3d at 258 n.14 (observing that a "court may take judicial notice of geographical facts" (citation omitted)). Maxim's location, thus, does not warrant in favor of a venue transfer.