J-S31002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH AUSTIN AND ALLISON AUSTIN, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 756 EDA 2023 |
| AMAZON.COM, INC. AND AMAZON.COM, INC., T/A, D/B/A AMAZON FLEX AND DESTINE Z. MITCHELL | : | |

Appeal from the Order Entered February 7, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 210300168

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED NOVEMBER 3, 2023**

Appellants, Joseph Austin and Allison Austin, husband and wife, appeal from the February 7, 2023 order entered in the Court of Common Pleas of Philadelphia County, granting a motion for transfer of venue for forum *non conveniens* filed by Amazon.com, Inc. and Amazon.com, Inc., t/a, d/b/a Amazon Flex (collectively "Amazon"). We reverse the order and remand the case for further proceedings.

Pertinent to our disposition herein, the record reveals that on March 2, 2021, Appellants filed a complaint in the Court of Common Pleas of Philadelphia County against, *inter alia*, Amazon and Destine Z. Mitchell ("Mitchell"). The complaint alleged causes of action for negligence, negligent hiring, negligent retention, negligent supervision, and loss of consortium.

Complaint, 3/21/21.[1] According to the allegations contained in the complaint, Appellants' causes of action arose from a vehicle accident that occurred on September 20, 2019. *Id.* at ¶¶12-14. Specifically, Appellants alleged that Mitchell, while operating a vehicle within the course and scope of her employment with Amazon, struck a vehicle operated by Joseph Austin. *Id.* The accident was alleged to have occurred at the intersection of West Valley Forge Road, Geerdes Boulevard, and Allendale Road, which are roadways located in King of Prussia, Montgomery County, Pennsylvania. *Id.* at 12.

On November 14, 2022, Amazon moved to transfer venue to the Court of Common Pleas of Montgomery County pursuant to Pennsylvania Rule of Civil Procedure 1006(d)(1).[2] Motion to Transfer, 11/14/22, at ¶47. Commonly referred to as a venue transfer on grounds of forum *non conveniens*, Rule 1006(d)(1) permits the trial court, upon petition of any party, to transfer an action to the appropriate court of any other county where the action could originally have been brought, when the transfer best suits the convenience of the parties and witnesses in the litigation. *See* Pa.R.Civ.P.

_____

[1] An amended complaint setting forth the same causes of actions and almost identical allegations was filed on April 5, 2021.

[2] Although the "wherefore" paragraph of the motion to transfer requested that the matter be transferred to the Court of Common Pleas of Bucks County, a review of the motion reveals that Amazon requested the matter be transferred to the Court of Common Pleas of Montogomery County. *See* Motion to Transfer, 11/14/21, at ¶47 (stating, "transferring this matter to the Court of Common Pleas of Montgomery County, Pennsylvania pursuant to [Rule] 1006(d)(1) would be a particularly appropriate remedy").

1006(d)(1). That same day, Amazon also filed a memorandum of law in support of its motion to transfer. On February 6, 2023, Amazon filed a supplemental brief in support of its motion to transfer, and that same day, Appellants filed a response in opposition to the motion to transfer. On February 7, 2023, the trial court granted Amazon's motion to transfer. This appeal followed.[3]

Appellants raise the following issues for our review:[4]

> [1.] Whether the trial court abused its discretion, misapplied the law, [or] acted in a manifestly unreasonable manner when

_____

[3] Both Appellants and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] Appellants' brief fails to comport with the requirements of Pennsylvania Rule of Appellate Procedure 2111(a). In particular, Appellants' brief fails to contain, *inter alia*, a statement of jurisdiction, a reproduction of the order in question, a statement of the scope and standard of review, a statement of the questions presented, a statement of the case, and a summary of the argument. ***See generally*** Appellants' Brief, 7/3/23; ***see also*** Pa.R.A.P. 2111(a). We remind counsel of the importance of adhering to the Pennsylvania Rules of Appellate Procedure as it is well-established that this Court is not obligated to consider an appellant's argument when the appellate brief does not, *inter alia*, set forth a statement of questions presented. ***See Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa. Super. 1993).

Nonetheless, Appellants filed a Rule 1925(b) statement setting forth challenges to the trial court's order granting the motion to transfer, and the trial court was able to discern, for purpose of its Rule 1925(a) opinion, Appellants' challenges. ***See*** Appellants' Rule 1925(b) Statement, 4/10/23; ***see also*** Trial Court Opinion, 5/23/23. Therefore, we decline to dismiss Appellants' appeal on the ground that their brief failed to adhere to Rule 2111(a) in the case *sub judice*.

The three issues set forth herein are the issues raised in Appellants' Rule 1925(b) statement.

it granted [Amazon's] motion to transfer venue to Montgomery County based on forum *non conveniens* where [Amazon] merely mention[s] inconvenience but did not request relief or present evidence to support [the] transfer based on forum *non conveniens*[?]

[2.] Whether the trial court abused its discretion, misapplied the law, [or] acted in a manifestly unreasonable manner when it granted [Amazon's] motion to transfer venue to Montgomery County based on forum *non conveniens* where [Amazon was] given the opportunity by the [trial] court to present evidence yet failed to do so such that [it] failed to present any evidence to establish that [Appellants'] chosen forum is either oppressive or vexatious[?]

[3.] Whether the trial court abused its discretion, misapplied the law, [or] acted in a manifestly unreasonable manner when it granted [Amazon's] motion to transfer venue to Montgomery County based on forum *non conveniens*, when [Amazon was] estopped from asserting forum *non* [*conveniens*], based on the doctrine[s] of laches [and] unclean hands after opposing an almost identical motion to transfer this matter to Montgomery County and consolidate it with a separate matter[?]

Appellants' Rule 1925(b) Statement, 4/10/23 (extraneous capitalization omitted).

In *toto*, Appellants' issues challenge the trial court's order granting Amazon's motion to transfer venue based upon the doctrine of forum *non conveniens*.

A trial court is vested with considerable discretion in ruling on a motion to transfer venue pursuant to Pennsylvania Rule of Civil Procedure 1006, and as such, this Court reviews a trial court's ruling for an abuse of that discretion. ***Bratic v. Rubendall***, 99 A.3d 1, 7 (Pa. 2014).

> In this regard, the trial court's ruling must be reasonable in light of the peculiar facts. If there exists any proper basis for the trial

- 4 -

court's decision to transfer venue, the decision must stand. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill[-]will, as shown by the evidence of the record.

*Id.* (citation and original brackets omitted).

Rule 1006 states, in pertinent part, as follows:

**Rule 1006.  Venue.  Change of Venue**

**(a) General Rule.**  Except as otherwise provided by subdivisions (b) and (c) of this rule, an action against an individual may be brought in and only in a county where

(1) the individual may be served;

(2) the cause of action arose;

(3) a transaction or occurrence took place out of which the cause of action arose;

(4) venue is authorized by law; or

(5) the property or a part of the property, which is the subject matter of the action, is located provided that equitable relief is sought with respect to the property.

**(b) Venue Designated by Rule.**  Actions against the following defendants, except as otherwise provided in subdivision (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130; unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.

**(c) Joint and Several Liability Actions.**  An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).

**(d) Transfer of Venue.**

(1) For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.Civ.P. 1006(a), (b), (c), and (d)(1). Pennsylvania Rule of Civil Procedure 2179 states, in pertinent part, that

### Rule 2179.  Venue in an Action Against a Corporation or Similar Entity

**(a) General Rule.**  Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in a county where

(1) the registered office or principal place of business of the corporation or similar entity is located;

(2) the corporation or similar entity regularly conducts business;

(3) the cause of action arose;

(4) a transaction or occurrence took place out of which the cause of action arose; or

(5) the property or a part of the property, which is the subject matter of the action, is located provided that equitable relief is sought with respect to the property.

Pa.R.Civ.P. 2179(a).

Plaintiffs have long been provided with the initial choice of the court in which to bring an action, if that court has jurisdiction. This practice derives from the notion of convenience to the plaintiff, not from the desire to pursue verdicts in counties perceived to be more plaintiff-friendly.  While a plaintiff need not provide reasons for selecting one venue over another, the doctrine of forum *non conveniens* is a necessary counterbalance to [ensure] fairness and practicality.

***Bratic***, 99 A.3d at 6 (citations and original brackets omitted).  "[T]he plaintiff's choice of forum is entitled to weighty consideration[, and] the party

seeking a change of venue bears a heavy burden in justifying the request[.]" *Id.* at 6-7 (citations, original brackets, and ellipsis omitted) (stating, "it has been consistently held that this burden includes the demonstration on the record of the claimed hardships").  "[A] petition to transfer venue should be granted only if the defendant demonstrates, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant."[5]  *Id.* at 7, *relying on* **Cheeseman v. Lethal Exterminator, Inc.**, 701 A.2d 156 (Pa. 1997).

"[I]mportant considerations when measuring oppressiveness are: relative ease of access to witnesses or other sources of proof; availability of compulsory process for attendance of unwilling, and cost of obtaining willing, witnesses; costs associated with witnesses' attendance; and ability to [] view [the] premises involved in [the] dispute[.]"  **Ritchey v. Rutter's Inc.**, 286 A.3d 248, 255 (Pa. Super. 2022), *relying on* **Wood v. E.I. du Pont de Nemours and Co.**, 829 A.2d 707, 712 (Pa. Super. 2003), *appeal denied*, 860 A.2d 124 (Pa. 2004); **see also Raymond v. Park Terrace Apartments, Inc.**, 882 A.2d 518, 520 (Pa. Super. 2005) (stating that, a defendant may demonstrate oppressiveness by establishing on the record that a "trial in

_____

[5] Although Amazon may satisfy its burden by demonstrating on the record that Appellants' choice of venue was oppressive **or** vexatious, none of the allegations contained in Amazon's motion to transfer, or its appellate brief, allege that Appellants elected to file their complaint in Philadelphia County to harass Amazon.  Therefore, we limit our review to whether Amazon sufficiently demonstrated on the record that Appellants' choice of venue was oppressive.

another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute"), *appeal denied*, 887 A.2d 1241 (Pa. 2005). "Mere inconvenience remains insufficient, but there is no burden [on a defendant] to show near-draconian consequences." **Bratic**, 99 A.3d at 10. In analyzing the sufficiency of evidence demonstrated on the record to support a finding of oppressiveness, a trial court must employ a totality of the circumstances analysis. **Ritchey**, 286 A.3d at 257.

In its motion to transfer, Amazon asserted that "[t]rial in Montgomery County will make it more convenient for all parties and potential witnesses to attend without excessive traveling and traffic issues." Amazon's Motion to Transfer, 11/14/22, at ¶40; **see also id.** at ¶37 (setting forth "all relevant factors" that weigh in favor or transfer). Attached to its memorandum of law in support of its motion to transfer, Amazon included exhibits demonstrating, *inter alia*, a photograph depicting the front of a residence located in Montogomery County that was posted with Appellants' notice of intent to take a default judgment against Mitchell, the driving distance between the accident site and the courthouse in Montgomery County, the driving distance between the accident site and the courthouse in Philadelphia County, the driving distance between Appellants' residence and the courthouse in Montgomery County, and the driving distance between Appellants' residence and the courthouse in Philadelphia County. **See id**. at ¶¶9, 17-20; **see also** Amazon's Memorandum of Law, 11/14/22, at Exhibits B-F. In its supplemental

memorandum of law, Amazon asserted that a witness to the accident, if called to testify at trial, would state that "Mitchell was operating a sedan (not an Amazon delivery vehicle)[.]" Amazon's Supplemental Memorandum of Law, 2/6/23, at 3. Amazon attached a copy of an affidavit from the potential witness to its supplemental memorandum, in which the potential witness averred that "[b]ecause I live in Bucks County[, Pennsylvania,] and work in Montgomery County, Pennsylvania, Montgomery County is a more accessible and convenient jurisdiction for me to attend and testify at trial than Philadelphia [County,] which would pose more of a burden." *Id.* at Exhibit A ¶5.

Although the trial court granted Amazon's motion to transfer, the trial court, in its Rule 1925(a) opinion, declared that its decision to grant the motion to transfer was in error. Trial Court Opinion, 5/23/23, at 3 (requesting that the February 7, 2023 order be reversed and the case remanded). The trial court explained,

> [Amazon] argue[d] that: (i) the alleged incident occurred in Montgomery County, (ii) [Appellants] reside in Montgomery County, (iii) multiple agencies and personnel responded to the accident scene, (iv) a wide array of [Joseph Austin's] medical treatment occurred in Montgomery County, and (v) [Appellants] have filed separate but related suits in the Court of Common Pleas of Montgomery County. Despite these arguments, [Amazon] failed to meet [its] heavy burden in demonstrating that Philadelphia County represents an oppressive or vexatious venue, when compared with Montgomery County, which borders Philadelphia County.

*Id.* (citations omitted). The trial court stated that, upon further reflection, its order granting Amazon's motion to transfer was in error because "Appellants' choice of forum must be given great weight[,] and [Amazon's] arguments fail to overcome the weight afforded to Appellants' choice forum." *Id.*

Upon review, we concur with the views expressed by the trial court in its Rule 1925(a) opinion, and the record supports, that Amazon failed to demonstrate that Appellants' decision to bring their causes of action against Amazon in Philadelphia County rose to the level of oppressiveness necessary to overcome Appellants' choice of venue.[6] While Amazon established, for example, that the accident site was closer to the courthouse in Montgomery county than the courthouse in Philadelphia county (*see* Amazon's Motion to Transfer, 11/14/22, at ¶17-18, Exhibits C and D), this evidence merely demonstrates a greater traveling distance to the accident site from Philadelphia County and, therefore, a greater inconvenience. Furthermore, the affidavit submitted by the potential witness sets forth that Montgomery County is "more accessible" and "convenient" for the witness. Mere inconvenience, however, is not sufficient to give rise to an oppressive forum.

_____

[6] Although Amazon asserts reasons why venue in Philadelphia County is oppressive (*see* Amazon's Brief at 12-13), Amazon does not challenge venue in Philadelphia County on the basis that it violates Rule 2179. *See id.* at 10-15. Moreover, the record demonstrates that a manager for Amazon was served with a copy of Appellants' complaint at an address located in Philadelphia County. Affidavit of Service, 3/16/21.

*Bratic*, 99 A.3d at 10.  Therefore, we reverse the trial court's order granting Amazon's motion to transfer and remand the case for further proceedings.

Order reversed.  Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/03/2023