J-A14021-23

2023 PA Super 200

| | | |
|---|---|---|
| MICHAEL TRANTER, AS THE ADMINISTRATOR OF THE ESTATE OF J.V., A MINOR, AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE AND LUCERO VAZQUEZ, INDIVIDUALLY, VEYSEL ERDAL GULERTEKIN, AS THE ADMINISTRATOR OF THE ESTATE OF EILEEN ZELIS ARIA, HOLLY KEHLER, ON BEHALF OF THE BENEFICIARIES OF THE ESTATE OF DENNIS L. KEHLER, ANTHONY ELLIS, QUWANJAY ELLIS, CHENG YING LIAN, INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF I.O., A MINOR, JULIA KHAN, JORGE MORETA, MELANIE MORETA, EDILMA DEL ROCIO ESTUPINAN CABRERA, DENNIS ANANE, HOULEYE CAMARA, AS PARENT AND NATURAL GUARDIAN OF M.F., A MINOR, AMINATA FOFANA, FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF A.D., A MINOR FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF A.A.D., A MINOR AND FATOUMATA TRAORE, AS PARENT AND NATURAL GUARDIAN OF C.D., A MINOR | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br>No. 1746 EDA 2022 |
| Appellants | : : : : | |
| v. | : : : : | |
| Z&D TOUR, INC., OHIO COACH, INC. D/B/A OHIOCOACH.COM, FED EX GROUND PACKAGE SYSTEM, INC. AND SIOUX TRUCKING, INC. | : : | |

J-A14021-23

Appeal from the Order Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  211001768

| TAYLOR TEETS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| UNITED PARCEL SERVICE, INC. C/O | : | No. 2343 EDA 2022 |
| CORPORATION SERVICE COMPANY, | : | |
| UNITED PARCEL SERVICE, INC., | : | |
| PENSKE TRUCK LEASING COMPANY, | : | |
| L.P., PENSKE TRUCK LEASING | : | |
| CORPORATION, PENSKE | : | |
| AUTOMOTIVE GROUP, PENSKE | : | |
| CORPORATION, Z&D TOURS, INC., | : | |
| JAGUAR TICKET, INC. D/B/A | : | |
| OHIOCOACH.COM, FEDEX GROUND | : | |
| PACKAGE SYSTEM, INC., FEDEX | : | |
| CORPORATION, RYDER TRUCK | : | |
| RENTAL, INC., RYDER SYSTEM, INC., | : | |
| SIOUX TRUCKING, INC., BRANDON | : | |
| STOWERS | : | |

Appeal from the Order Entered August 3, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  211201805

| LUCERO VAZQUEZ,  AMAD HUSSAIN, | : | IN THE SUPERIOR COURT OF |
| JULIA KHAN, AS PARENT AND | : | PENNSYLVANIA |
| NATURAL GUARDIAN OF A.A, A | : | |
| MINOR, TAURELL FAVORS, AND | : | |
| ALEXIS HUMBLE | : | |
| | : | |
| Appellants | : | |
| | : | |
| | : | No. 2421 EDA 2022 |
| v. | : | |
| | : | |
| | : | |

Z&D TOUR, INC. OHIO COACH, INC. :
D/B/A OHIOCOACH.COM, FED EX :
GROUND PACKAGE SYSTEM, INC., :
AND SIOUX TRUCKING, INC. :

Appeal from the Order Entered August 4, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 211200570

XUE-ZHEN CHEN, WEI-HUI HUANG, : IN THE SUPERIOR COURT OF
GUI-YING REN, ZHEN FENG, ZI WEI : PENNSYLVANIA
LI, SUKIE ZHENG AND SHENYUE :
CAO :
:
:
:
:
v. :
:
:
: No. 2426 EDA 2022
:
FEDEX GROUND PACKAGE SYSTEM, :
INC., FEDEX CORPORATION, RYDER :
TRUCK RENTAL, INC., RYDER :
SYSTEM, INC., SIOUX TRUCKING, :
INC., BRANDON STOWERS, UNITED :
PARCEL SERVICE, INC., UNITED :
PARCEL SERVICE, INC., PENSKE :
TRUCK LEASING COMPANY, L.P., :
PENSKE TRUCK LEASING :
CORPORATION, PENSKE :
AUTOMOTIVE GROUP, PENSKE :
CORPORATION, Z&D TOUR, INC., :
JAGUAR TICKET, INC. :
:
:
:
APPEAL OF: XUE-ZHEN CHEN, WEI- :
HUI HUANG, GUI-YING REN, ZHEN :
FENG, ZI WEI LI, SUKIE ZHENG :

Appeal from the Order Entered August 3, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 211201583

XUE-ZHEN CHEN, WEI-HUI HUANG, : IN THE SUPERIOR COURT OF
GUI-YING REN, ZHEN FENG, ZI WEI : PENNSYLVANIA
LI, SUKIE ZHENG AND SHENYUE :
CAO :

- 3 -

|                                                    |     |                 |
|----------------------------------------------------|-----|-----------------|
|                                                    | :   |                 |
|                                                    | :   |                 |
|                                                    | :   |                 |
| v.                                                 | :   |                 |
|                                                    | :   |                 |
|                                                    | :   | No. 2427 EDA 2022 |
|                                                    | :   |                 |
| FEDEX GROUND PACKAGE SYSTEM,                        | :   |                 |
| INC., FEDEX CORPORATION, RYDER                      | :   |                 |
| TRUCK RENTAL, INC., RYDER                           | :   |                 |
| SYSTEM, INC., SIOUX TRUCKING,                       | :   |                 |
| INC.,  BRANDON STOWERS, UNITED                      | :   |                 |
| PARCEL SERVICE, INC., UNITED                        | :   |                 |
| PARCEL SERVICE, INC.,  PENSKE                       | :   |                 |
| TRUCK LEASING COMPANY, L.P.,                        | :   |                 |
| PENSKE TRUCK LEASING                                | :   |                 |
| CORPORATION,  PENSKE                                | :   |                 |
| AUTOMOTIVE GROUP, PENSKE                            | :   |                 |
| CORPORATION, Z&D TOUR, INC.,                        | :   |                 |
| JAGUAR TICKET, INC.                                 | :   |                 |
|                                                    | :   |                 |
|                                                    | :   |                 |
| APPEAL OF: XUE-ZHEN CHEN, WEI-                      | :   |                 |
| HUI HUANG, GUI-YING REN, ZHEN                       | :   |                 |
| FENG, ZI WEI LI, SUKIE ZHENG                        |     |                 |

Appeal from the Order Entered August 4, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  211201583

BEFORE:  PANELLA, P.J., DUBOW, J., and SULLIVAN, J.

OPINION BY DUBOW, J.: **FILED OCTOBER 11, 2023**

In these consolidated appeals, Appellants, plaintiffs named in the captions above, appeal from the Order entered on August 4, 2022, granting the Petitions filed by United Parcel Service ("UPS"), Penske Truck entities, FedEx Ground Package Systems, Inc ("FedEx"), Sioux Trucking, Inc., and Brandon Sowers (collectively "Appellees"), and transferring these cases from Philadelphia County to the Westmoreland County Court of Common Pleas

- 4 -

based on *forum non conveniens*. After careful review, we conclude the trial court abused its discretion in transferring the cases and, thus, we vacate the Order.

**A.**

We briefly summarize the relevant underlying facts and procedural history as follows. On January 5, 2020, at 3:30 AM, Mr. Shangquing Feng was driving 59 passengers in a coach bus[1] from New York City to Columbus, Ohio, when he encountered difficulty navigating a curve on I-70 in Mount Pleasant, Westmoreland County. Ultimately, the bus rolled over and came to rest on its side across the westbound lanes. Shortly thereafter, a tractor trailer truck, driven by Appellee Brandon Stowers on behalf of Appellees FedEx and Sioux Trucking, crashed into the fallen bus. Within seconds thereafter, two UPS tractor trailers crashed into the FedEx tractor trailer. As a result of the rollover and the crashes, five people died, including Mr. Feng, two bus passengers, and two UPS truck drivers. Multiple others suffered injuries, some severe.

Appellants filed civil complaints in the Philadelphia County Court of Common Pleas against numerous defendants, including Appellees, seeking damages and compensation. Appellants reside in New Jersey, Pennsylvania,

---

[1] The bus was owned/leased and operated by Z&D Tour, Inc. and Ohio Coach.

Ohio, New York City, and China. Appellee Brendan Sowers and the Appellee corporate entities conduct business throughout the country.[2]

Appellees FedEx and Brandon Stowers filed preliminary objections to the Complaint filed by Appellant Trantor, *et al.* on January 3, 2022, seeking, *inter alia*, dismissal or consolidation with a similar case pending in Allegheny County. Appellants objected. In response, the Philadelphia Court of Common Pleas directed the parties to conduct discovery limited only to the issue of venue and *forum non conveniens*.[3, 4]

Following discovery, Appellees FedEx, Sioux Trucking, Inc., Brandon Stowers, Penske, and UPS each filed, and/or joined, Motions to Transfer the

_____

[2] FedEx Ground Package Systems, Inc ("FedEx") is a Delaware Corporation with its principal place of business located at 1000 Fed Ex Drive, Moon Township, Allegheny County, Pennsylvania. Appellee Sioux Trucking, Inc. is a California corporation with its principal place of business located in Moorpark, California. Appellee Brandon L. Stowers, a long-haul truck driver, resides in Hemet, California. Appellee UPS is an Ohio corporation with its principal place of business in Atlanta, Georgia. Appellee Penske Truck Leasing, Co., LP, is a Pennsylvania limited partnership with its principal place of business in Reading, Berks County, Pennsylvania. Appellee Penske Truck Leasing Corporation is a Delaware corporation with a principal place of business located in Reading, Pennsylvania. Appellee Penske Automotive Group, Inc., is a Delaware corporation with a principal place of business located in Michigan. Appellee Penske Corporation is a Delaware corporation with a principal place of business in Michigan. For purposes of this Opinion only, we refer to the Penske entities collectively as "Penske."

[3] Order, entered 1/28/22.

[4] On January 28, 2022, the court overruled the preliminary objection seeking dismissal or consolidation with the Allegheny County Case. ***See*** Order, 1/28/22.

litigation to Westmoreland County based on *forum non conveniens*.[5]  Annexed to the motions were eleven affidavits from first responders and others who lived and worked in and around Westmoreland County.  The parties conducted depositions of the affiants.

On August 2, 2022, and August 3, 2022, the court granted the Motions to Transfer based on *forum non conveniens*, concluding that because the potential witnesses would have to travel over 200 miles if called to testify at trial, Appellees had established that Philadelphia County is an "oppressive and vexatious venue."  Tr. Ct. Op, 12/12/22, at 2-3.  Referring to the eleven affidavits submitted by Appellees, the court summarily concluded that Appellees specified "the key witnesses to be called" and made "a general statement on what their testimony will cover[.]"  ***Id***. at 4 (citation omitted). ***Id***.

Appellants timely appealed.  This Court granted Appellees' uncontested motion to consolidate these appeals.  Appellants and the trial court complied with Pa.R.A.P. 1925.

In their brief, Appellants raise the following issue for our review:

> Whether the Trial Court erred as a matter of law, and thereby abused its discretion[,] in holding [that Appellees] Fed Ex Ground Package systems, Inc., Sioux [T]rucking, Inc., [UPS], and Brandon Stowers have produced sufficient evidence of record to meet their heavy burden of demonstrating that litigation of this

---

[5] FedEx and Sioux Trucking filed their Motion to Transfer pursuant to Pa.R.C.P. 1006(d)(1) on March 23, 2022, which UPS joined on March 29, 2022.  Penske filed its Motion to Transfer pursuant to Pa.R.C.P. 1006(d)(1) on May 4, 2022, which FedEx, Sioux Trucking, and Mr. Stowers joined on May 12, 2022.

Action in Philadelphia County would be oppressive and vexatious warranting transfer to Westmoreland County on *forum non conveniens* grounds?

Appellants' Brief, at 6-7.

**B.**

We review the trial court's decision granting a motion for a change of venue based on *forum non conveniens* for an abuse of discretion. ***Walls v. Phoenix Ins. Co.***, 979 A.2d 847, 850 n.3 (Pa. Super. 2009). "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence of record." ***Ritchey v. Rutter's Inc.***, 286 A.3d 248, 254 (Pa. Super. 2022) (citation omitted).

A plaintiff's choice of forum "is entitled to great weight, and must be given deference by the trial court." ***Powers v. Verizon Pa., LLC***, 230 A.3d 492, 496 (Pa. Super. 2020). As a result of that deference, the plaintiff's choice of forum "should rarely be disturbed[.]" ***Cheeseman v. Lethal Exterminator, Inc.***, 701 A.2d 156, 162 (Pa. 1997).

A plaintiff's choice of forum is not, however, unassailable. A court may override the plaintiff's prerogative and order a venue transfer on the basis of *forum non conveniens* where the defendant proves, "with detailed information

on the record," that the plaintiff's chosen forum is oppressive.[6] ***Wood v. E.I. du Pont de Nemours and Co.***, 829 A.2d 707, 711-12 (Pa. Super. 2003) (*en banc*) (citation omitted). ***See also*** Pa.R.C.P. 1006(d)(1).[7]

"[I]mportant considerations when measuring oppressiveness are: relative ease of access to witnesses or other sources of proof; availability of compulsory process for attendance of unwilling, and cost of obtaining willing, witnesses; costs associated with witnesses' attendance; and ability to conduct [a] view of premises involved in dispute." ***Ritchey,*** 286 A.3d at 255 (citation omitted). There is "a vast difference between a finding of inconvenience and one of oppressiveness" and, thus, we reiterate that "the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration **on the record** of the claimed hardships." ***Id.*** at 254, 259 (emphasis added, citations omitted). ***See also Bratic v. Rubendall***, 99 A.3d 1, 7-8 (Pa. 2014) (same).

---

[6] A defendant may also secure transfer of venue on the basis of *forum non conveniens* where it proves that the plaintiff's choice of forum was vexatious, *i.e.*, "designed to harass the defendant[.]" ***Wood***, 829 A.2d at 712. Although Appellees and the trial court use the phrase "vexatious and oppressive," none of the Appellees allege that Appellants elected to file their lawsuits in Philadelphia to harass them.

[7] "For the convenience of parties and witnesses, the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1). "[W]hile Rule 1006(d)(1) on its face allows transfer based on 'the convenience of the parties,' convenience or the lack thereof is not the test our case law has established: the moving party must show the chosen forum is either oppressive or vexatious." ***Bratic v. Rubendall***, 99 A.3d 1, 8 (Pa. 2014) (citation omitted).

When the transfer request is based on allegations of witness hardship, the defendant must not only identify the allegedly encumbered witness but must also make a general statement of what testimony that witness will provide. *Ehmer v. Maxim Crane Works, L.P.*, 296 A.3d 1202, 1207 (Pa. Super. 2023). Significantly, the general statement must establish that the potential witness is "key" to the defense. *Petty v. Suburban Gen. Hosp.*, 525 A.2d 1230, 1234 (Pa. Super. 1987). In other words, "the general statement must establish that the witness possesses testimony that is relevant and necessary to the defense." *Ehmer*, 296 A.3d at 1207-08. "Only after the defendant has placed detailed information on the record establishing that the witness possesses information relevant to its defense should the trial court proceed to consider the alleged hardship posed to the witness." *Id*. at 1208. "The weight that the trial court places on the hardship should be in direct proportion to the degree of relevance or necessity of that witness'[s] testimony to the defense." *Id.* at n.6.

## C.

Appellants argue that the trial court abused its discretion and erred as a matter of law by failing to consider the entire record and misapplying binding legal precedent. Appellants' Br. at 10, 17. They emphasize that the witness affidavits submitted by Appellees in support of their motions are "almost identical" and "plac[e] too much emphasis on the witnesses' nearly identical claims of oppressiveness," which Appellants characterize as assertions of "mere inconvenience." *Id*. at 3, 10 (case citation omitted). Appellants

- 10 -

emphasize that "**nowhere** in the [t]rial [c]ourts['] opinions in support of its Orders transferring the cases did it find that these witnesses have any[] personal knowledge of the facts and circumstances regarding this case, or what their testimony will entail." *Id*. at 27 (emphasis in original). They note that none of the individuals who submitted the statements relied on by Appellees "contributed to the 'liability' of the crash" and none of them can be "considered 'core' witnesses who possessed 'firsthand knowledge' relevant to the case." *Id*. at 29 (case citation omitted).

Based on our review of the record and the relevant case law, we agree that the trial court erred as a matter of law in granting the petitions to transfer venue to Westmoreland County based on *forum non conveniens*. Although the trial court opined that "Appellees have specifically demonstrated that [first responders and] other named witnesses would provide relevant evidence," the court did not find that Appellees had demonstrated that this "relevant evidence" was critical to their defenses. Moreover, none of the Appellees asserted in their motions to transfer that the witnesses who signed the affidavits were "key witnesses" for the defense.

Specifically, in its motion to transfer venue pursuant to Pa.R.C.P. 1006(d)(1), Appellee Penske asserted that "Philadelphia County is an inconvenient forum. All the investigators, emergency responders, and medical providers with knowledge in this matter are located in Western Pennsylvania, and the parties will be unable to compel those witnesses to attend any trial of

this matter in Philadelphia County, Pennsylvania." Penske Defendants' Motion to Transfer Venue, filed 5/4/22, at 4-5.

In their joint Petition to Transfer Venue based on Rule 1006(d)(1), FedEx and Sioux Trucking averred "[m]uch of the critical trial testimony regarding the events surrounding the Accident will come from third-party witnesses who work and reside in Westmoreland County and its adjacent counties. These witnesses include state troopers, emergency responders, medical personnel, and eyewitnesses." Petition to Transfer Venue, dated May 12, 2022, at 5. These Appellees also stated that "many of the witnesses to the circumstances surrounding the Accident and corresponding investigation are located approximately 300 miles from the Court of Common Pleas of Philadelphia" and these "witnesses will be required to bear substantial personal and professional hardship, inconvenience, and expense should they be required to attend a deposition or trial in Philadelphia County." *Id*. In their brief supporting the transfer motion, FedEx and Sioux Trucking asserted that "[t]here are upward of sixty-six (66) potential witnesses who responded to the Accident who work and reside no less than two-hundred and forty (240) miles from Philadelphia County." Brief in Support of Petition to Transfer, filed 5/12/22, at 7.

Finally, Appellee UPS argued in its brief in support of the Penske's, FedEx's and Sioux Trucking's motions to transfer based on *forum non conveniens*, that "Plaintiffs' choice of venue in Philadelphia is 'manifestly burdensome' as a matter of law to no less than seven witnesses, if not many

more. One-way travel of no less than 240 miles crosses the line from mere inconvenience into oppressiveness for these witnesses." UPS Brief in Support, filed 5/23/22, at (unpaginated) 9.

Significantly, none of Appellees indicated in their various filings how these witnesses would be relevant or necessary to their defense.[8] Rather, Appellees merely focused on the hardship element while failing to address the threshold issue of the importance of the witnesses to its defense.

Contrary to the trial court's conclusion, the eleven affidavits and thirty-two unnotarized statements submitted in support of Appellees' motions fail to indicate how the individuals are "key witnesses" for the defense.[9] These affidavits are from ambulance drivers, fire fighters, paramedics, and the Westmoreland County Deputy Coroner. Appellees also submitted affidavits from a Fed Ex corporate employee, and an insurance claims investigator employed by FedEx Ground to gather the non-notarized statements from 32

_____

[8] FedEx and Sioux Trucking argued that Philadelphia is an "oppressive and vexatious venue for FedEx Ground corporate witnesses" because FedEx Ground is headquartered in Allegheny County and "[m]any corporate witnesses that may testify on behalf of FedEx Ground work at its principal place of business." FedEx Br. in Support of Petition to Transfer Venue, filed 5/12/22, at 9. They did not provide affidavits from these unnamed individuals. Although FedEx and Sioux Trucking provided a list of what the state police, investigators, medical providers and first responders may offer as "relevant testimony on many topics," they failed to indicate how their testimony on these "many topics" would be relevant and necessary to Appellees' defense. *Id*. at 17.

[9] *See* RR 1860-1896, 2121a-2129 (affidavits); RR 2136-2787 (statements).

potential witnesses. Each of the affidavits and statements describe in nearly identical terms the hardships that travelling to Philadelphia to testify would present to the individual, or to unnamed individuals in their employ.[10] None of the affidavits contain information indicating how these potential witnesses' testimonies would be relevant or necessary to Appellees' respective defenses.

With respect to the two individuals cited by the trial court in support of its decision to transfer, Jason Beener and Joshua Zappone, we note that they did not indicate in their affidavits or during their depositions how their testimony would benefit the defense. In fact, Jason Beener, a paramedic for Somerset Area Ambulance, specifically testified via Zoom that there was nothing about his presence at the accident scene that would make him "an important witness for the defense." Beener Dep., 3/18/22, at 11. Joshua Zappone, the Westmoreland County deputy coroner, testified that he arrived at the scene hours after the crash to assess the fatalities, but he did not indicate how his assessment would benefit the defense. *See* Zappone Dep., 3/18/22, at 11, 15. Rather, regarding his affidavit, Zappone testified, "I would have signed anything to stay out of Philadelphia." *Id*. at 32.[11]

---

[10] These hardships included loss of personal family and work time, inability to care for dependents and farm animals, and inability to run businesses in the event any number of potential witnesses were called to testified.

[11] Other first-responder affiants testified at their depositions that they never saw the accident scene. *See* Miller Dep. , 3/25/22, at 15 ("There's no information I can offer. All I did was drive an ambulance"), 24 ("I did not communicate with anybody. I did not look at the scene."); Stempora Depo.,
*(Footnote Continued Next Page)*

None of the evidence submitted in support of Appellees' motions to transfer indicate the content of the witness's testimony or its relevance to Appellees' defense. While Appellees generally identify these people as being on the scene or designate their corporate status, without any indication that these individuals are "key witnesses" to the defense, Appellees have failed to meet their burden to overcome the plaintiffs' choice of forum.

Moreover, as in *Ehmer*, the court made no finding that these witnesses possess testimony relevant to Appellees' defenses. *See Ehmer*, 296 A.3d at 1208. Nor could the court make such a finding because Appellees failed to provide the court with any statement of what testimony these witnesses, many of whom did not even see the crash site, would provide. We, therefore, conclude that the trial court abused its discretion in transferring these cases from Philadelphia to Westmoreland County. Accordingly, we vacate the transfer order.

_____

3/25/22, at 10 ("I never even actually saw the actual crash site from where—where we were parked."); Vanbremen Dep. , 3/25/22, at 9 ("I was the provider in the back of the ambulance with my patients but I didn't—I didn't see the accident at all."); Wegman Dep. , 3/25/22, at 10 (testifying he drove an ambulance and stating "I didn't really get to see the scene that well"). *See also* Garino Dep. , 3/23/22, at 11 (testifying as director of operations for Mutual Aid Ambulance, that he had no firsthand knowledge of what the crash scene looked like or anything pertaining to treatment of the patients because he was not employed by Mutual Aid Ambulance on January 5, 2020). In addition, David Gass, the Human Resources director for Fed Ex services testified Philadelphia would be an inconvenient forum for corporate safety employees and others but he was not able to provide names of these hypothetical potential witnesses or their locations. Gass Dep. , 3/23/22, at 20.

Order vacated. Jurisdiction relinquished.

President Judge Panella joins the opinion.

Judge Sullivan concurs in result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>October 11, 2023</u>