J-A20009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDRE GARCIA AND DANIELLE CASTALEITE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3200 EDA 2024 |
| FOLEY, INC., FOLEY RENTS, FOLEY INCORPORATED D/B/A FOLEY RENTS, AND CATERPILLAR, INC. | : | |

Appeal from the Order Entered October 24, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230700387

BEFORE: MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY McLAUGHLIN, J.: **FILED MARCH 31, 2026**

Andre Garcia and his wife, Danielle Castaleite (together, "Appellants"), appeal from the order granting the Motion to Dismiss Based Upon *Forum Non Conveniens*. The motion was filed by Caterpillar, Inc. ("Caterpillar"), and was joined by Foley Inc. and Foley Incorporated d/b/a Foley Rents ("Foley") (we will refer to Caterpillar and Foley collectively as Appellees). The court granted the motion without prejudice to Appellants' right to refile in New Jersey. Appellants claim the trial court improperly determined that "weighty reasons" existed to overcome the deference Pennsylvania law affords to a plaintiff's chosen forum. We reverse.

_____

* Retired Senior Judge assigned to the Superior Court.

The trial court summarized the allegations giving rise to this suit as follows:

> On November 8, 2022, [Garcia], a resident of New Jersey, was at a worksite in New Jersey when he was struck by an excavator that was being operated by one of his coworkers. The excavator was manufactured by [] Caterpillar, a Delaware Corporation with its principal place of business in Irving, Texas, and leased to [] Garcia's employer, Persistence Construction Company, a company based in Fairview, New Jersey, by . . . Foley, a Delaware Corporation with its principal place of business in Piscataway, New Jersey. After the incident, Mr. Garcia was transported to Jersey City Medical Center. The incident was investigated by the Jersey City, New Jersey[,] Police Department and the Parsippany, New Jersey Office of OHSA.

Trial Ct. Op., filed Feb. 18, 2025, at 2 (citations omitted).

Appellants instituted this suit in July 2023 by filing a writ of summons against Foley. They followed with a complaint against Foley in August 2023. They asserted causes of action for strict liability, negligence, and loss of consortium. Foley filed an answer and new matter as well as a joinder complaint adding Caterpillar as an additional defendant. Caterpillar filed an answer.

In February 2023, Caterpillar moved to dismiss based on *forum non conveniens*. It argued that New Jersey was an available and appropriate forum for the action and that weighty reasons favored dismissal of the suit with leave to refile in New Jersey. Caterpillar asserted that "the pertinent fact witnesses, including eye-witnesses [sic], co-workers, police, EMTs, and treating physicians are all located in New Jersey. *See* Ex. C. and D." Add'l Def.

Caterpillar's Motion to Dismiss Based Upon *Forum Non Conveniens* at 10, ¶ 53. It added an assertion that Appellants "received no medical treatment in Pennsylvania, and no injuries occurred in Pennsylvania. *See* Ex. B, p[p.] 1-3." *Id.* at 11, ¶ 57.[1] It stated that the machinery that injured Garcia was operated by Glenn Waite, who resides in New Jersey, and asserted that Garcia "has check-ups every six weeks with Dr. Evan at Newark Hospital[.]" *Id.* at 2, ¶¶ 3, 8. Caterpillar did not identify any person as a potential witnesses or summarize any potential testimony. Foley joined the motion to dismiss.

Appellants responded that Foley required lease payments for the excavator be sent to Philadelphia. They also submitted affidavits from three Foley employees. Each employee stated he or she "would not find it problematic to travel to Philadelphia and appear in the Philadelphia Court of Common Pleas." Pls.' Response in Opposition to Add'l Def. Caterpillar's Motion to Dismiss, at 11-12 and Ex. B, C, D, at 2 ¶ 6. The employees were the project manager, Domenic Grano; the excavator operator, Glenn Waite; and Foley's human resources and office manager, Janet Tawil. *Id.* Appellants argued that the public and private factors considered when addressing *forum non conveniens* motions favored denying the motion.

Caterpillar filed a reply that included an affidavit from Foley's general manager, Matthew Emerson. Emerson stated that Foley was located in

---

[1] *See also* Mem. of Law in Support of Add'l Def. Caterpillar Inc.'s Motion to Dismiss Based Upon Forum Non Conveniens at 15 (making identical assertions).

Piscataway, New Jersey and did not have any offices in Philadelphia County. He further asserted that that for ease of administration of payments mailed to the bank Foley's bank had opened a post office box in Philadelphia that the bank controlled. Emerson further stated that it "is approximately fifteen (15) minutes from Foley, Incorporated – where the product at issue and Foley employees are located – to the Middlesex County Superior Court." Aff. of Matthew Emerson at ¶ 9. He stated that it would be "an undue hardship and be oppressive" to Foley "to have multiple employees either be on call and appear at the last minute and/or have multiple employees (technicians and supervisors) be required to travel from Northern New Jersey to Philadelphia on a daily basis for a two to three week product liability trial." *Id.* at ¶ 10.

The trial court permitted the parties to file supplemental briefs.[2] Appellants' supplemental memorandum of law pointed out that the parties had

_____

[2] The court further provided that:

> The Court will accept affidavits, deposition testimony, and documentary evidence relevant to the [*forum non conveniens*] issue . . . All affidavits must be submitted to opposing counsel and filed of record no later than 20 days from the docketing of this Order. If the party receiving an affidavit wished to depose the affiant on the issue stated above, said deposition must occur between the date the affidavit is produced and two days before supplemental briefs are due to the Court. Nothing in this Rule shall prevent the parties from taking depositions on the issue stated above prior to the production of an affidavit. The parties shall file of record any affidavits, deposition testimony, and documentary evidence; alternatively, the parties may attach such items as exhibits to the supplemental brief.

Rule to Show Cause, filed June 26, 2024.

scheduled a joint inspection of the excavator in Bensalem, Pennsylvania, and had scheduled depositions to occur in Philadelphia, Pennsylvania. Appellants' Supp. Memo. in Support of Resp. to Mot. To Dismiss, filed Aug. 19, 2024, at 1, 4.

In October 2024, the trial court granted the motion. Appellants filed a motion for reconsideration, which the trial court denied. Appellants appealed. They raise the following issues:

> 1. Did the trial court err as a matter of law or otherwise abuse its discretion in ordering the dismissal of this suit for *forum non conveniens*, to be re–filed in New Jersey, given the inadequate evidence to obtain that relief that additional defendant Caterpillar Inc. offered to the trial court?
>
> 2. Should the trial court's order dismissing this case for *forum non conveniens* be reversed in accordance with this Court's decisions in **Vaughan v. Olympus America, Inc.**, 208 A.3d 66 (Pa. Super. Ct. 2019), and **McConnell v. B. Braun Med. Inc.**, 221 A.3d 221 (Pa. Super. Ct. 2019)?
>
> 3. Did the trial court misapply the law and render a manifestly unreasonable decision in holding that "weighty reasons" existed to override plaintiffs' choice to file suit in Philadelphia County and in considering the relevant private and public interest factors?

Appellants' Br. at 2-3.

We will address Appellants issues together. Appellants first argue the "lone affidavit" from Foley's general manager lacked specifics about how maintaining the case in Philadelphia would inconvenience the "undisclosed Foley employees." *Id.* at 17. They point out the affidavit did not identify the information the employees might offer. Appellants therefore argue that Appellees "failed to satisfy or even actually attempt to meet their burden of

- 5 -

proof to prevail on a request to dismiss an action for *forum non conveniens*," maintaining the "motion was not accompanied by sufficient actual evidence establishing that 'weighty reasons' existed to justify the dismissal of this action or that justice strongly militated in favor of dismissal." *Id.* Appellants argue the case is like ***Vaughan***, 208 A.3d 66, and ***McConnell***, 221 A.3d 221. They contend that those cases stand for the proposition that "the fact that New Jersey might arguably be a more convenient forum for plaintiffs is not a permissible ground" on which to grant a motion to dismiss for *forum non conveniens*. ***Id.*** at 19.

Appellants further argue the private and public *forum non conveniens* factors require a conclusion that the trial court erred. They maintain Caterpillar did not provide evidence that retaining jurisdiction in Philadelphia would be inconvenient to any necessary witness, pointing out Emerson's affidavit spoke in generalities. Appellants note that they demonstrated the excavator was located just outside of Philadelphia and that they provided affidavits from three witnesses stating it would not be inconvenient for them to testify in Philadelphia. Appellants further argue that Pennsylvania and New Jersey enacted the Uniform Interstate Depositions and Discovery Act, which they claim provides "simple procedures for compelling the depositions of individuals and the production of discoverable documents when the individual or documents are located out-of-state." ***Id.*** at 23. They also note that payments for equipment leased from Foley were directed to a Philadelphia address.

Appellants further argue that Pennsylvania has a "strong interest in ensuring that a piece of machinery that is available for lease at Pennsylvania-based worksites and that is being stored in Pennsylvania is not defective so as to present the unnecessary risk of injuring workers who are located in its vicinity." *Id.* at 25. They further point out the case has been proceeding without issue for over a year, and claim they would need to restart in New Jersey if the case was dismissed. Appellants also argue that the Philadelphia Court of Common Pleas no longer has a backlog of cases and "is one of the more efficient counties in Pennsylvania in moving cases forward to resolution." *Id.* They maintain that they asserted Pennsylvania law-based causes of action and that, even if New Jersey law applied, dismissal for *forum non conveniens* would not be required because Pennsylvania trial judges are capable of applying the New Jersey substantive law.[3]

Caterpillar responds that Appellants' choice of forum is not entitled to deference because Appellants are out-of-state plaintiffs and the events giving rise to the claims occurred outside of Pennsylvania. It further argues that the public interest factors support dismissal. It maintains that the citizens and courts of Philadelphia should not be burdened with the expense of litigating the claims. Caterpillar claims Pennsylvania courts favor the resolution of cases in the state of origin. It argues that adjudicating the case in New Jersey will relieve "unnecessary congestion in the courts of Philadelphia County and

_____

[3] Appellants made arguments in their trial court filings similar to the arguments raised in their appellate brief.

simultaneously promot[e] the fair and efficient resolution of cases in the state of origin." Caterpillar's Br. at 13. Caterpillar further contends that New Jersey law will govern the claims, and that there are "significant differences" between New Jersey and Pennsylvania product liability laws. *Id.* at 16.

Caterpillar maintains the private interest factors likewise favor dismissal. It claims the "pertinent fact witnesses, including eye-witnesses, co-workers, police, EMTs, and treating physicians are all located in New Jersey." *Id.* at 19. It contends Pennsylvania has no connection to the claims. Caterpillar also claims that Pennsylvania courts cannot compel out-of-state witnesses to travel to Pennsylvania to testify. Caterpillar argues *McConnell* and *Vaughan* are distinguishable, as there, the defendants had headquarters in Pennsylvania and marketed and sold the products at issue in Pennsylvania. Caterpillar states that the excavator was not stored in Pennsylvania and "may not be in Pennsylvania at the time of trial." *Id.* at 24.[4]

Foley argues Appellants have not established that the trial court abused its discretion. It claims the Pennsylvania Supreme Court and this Court have dismissed actions such as this where the action "had little or no connection to Pennsylvania." Foley's Br. at 12. Like Caterpillar, Foley claims Appellants choice of forum is entitled to less deference, as they are out-of-state plaintiffs. It next maintains the private factors favor dismissal, as the action arose in New Jersey and "[a]ll of the law enforcement officers who responded to and

_____

[4] Caterpillar made similar arguments regarding the public and private factors in its motion to dismiss filed in the trial court.

investigated the incident, all of the EMTs and doctors who treated Garcia, and all of the relevant eye-witnesses are in New Jersey." *Id.* at 14. Foley also claims that Pennsylvania courts cannot compel the attendance of New Jersey residents at trial and that the location "creates significant additional costs for obtaining attendance of any witnesses who may willingly attend trial in Philadelphia." *Id.* at 16. Foley further claims a site visit may be helpful to the jurors.

Foley also maintains all the public factors favor dismissal. It claims the only connection to Philadelphia is a P.O. box of Foley's bank, which, it argues, "is not compelling justification to require the citizens of Philadelphia bear the burden of jury duty in this case." *Id.* at 19. It claims Appellants ask this Court to substitute its judgment for that of the trial court on the question of whether jury duty should be imposed on citizens of Philadelphia. Foley argues New Jersey law will apply to the claims and there is a public interest in having New Jersey courts apply New Jersey law. It further argues that the congestion in the Philadelphia Court of Common Pleas favors dismissal.

A trial court may grant a motion to dismiss on the grounds of *forum non conveniens* only if "weighty reasons" support disturbing a plaintiff's choice of forum and an alternative forum is available. *See Jessop v. ACF Indus., LLC*, 859 A.2d 801, 803 (Pa.Super. 2004). "Furthermore, a court will . . . not dismiss for *forum non conveniens* unless justice strongly militates in favor of relegating the plaintiff to another forum." *Failor v. FedEx Ground Package Sys., Inc.*, 248 A.3d 527, 534-35 (Pa.Super. 2021) (quoting *Poley v.*

- 9 -

***Delmarva Power and Light Co.***, 779 A.2d 544, 546 (Pa.Super. 2001))
(emphasis removed) (alteration in ***Failor***).

"To determine whether such 'weighty reasons' exist as would overcome
the plaintiff's choice of forum, the trial court must examine both the private
and public factors involved." ***Bochetto v. Piper Aircraft Co.***, 94 A.3d 1044,
1048 (Pa.Super. 2014) (citation omitted). The private factors include:

> the relative ease of access to sources of proof; availability
> of compulsory process for attendance of unwilling, and the
> cost of obtaining attendance of willing, witnesses; possibility
> of view of premises, if view would be appropriate to the
> actions; and all other practical problems that make trial of
> a case easy, expeditious and inexpensive. There may also
> be questions as to the enforceability of a judgment if one is
> obtained.

***Id.*** at 1048-49 (citation omitted) (alteration in original). The factors of public
interest include a consideration of the following:

> Administrative difficulties follow for courts when litigation is
> piled up in congested centers instead of being handled at its
> origin. Jury duty is a burden that ought not to be imposed
> upon the people of a community which has no relation to
> the litigation. There is appropriateness, too, in having the
> trial . . . in a forum that is at home with the state law that
> must govern the case, rather than having a court in some
> other forum untangle problems in conflict of laws, and in law
> foreign to itself.

***Id.*** at 1049 (citation omitted) (alteration in original). A trial court must
perform "a full and thorough analysis" of the factors before granting a *forum
non conveniens* dismissal. ***Id.*** at 1056.

Here, the trial court first observed that the cause of action arose in New
Jersey; Appellants were residents of New Jersey; Foley had a principal place

of business in New Jersey; and Caterpillar's principal place of business was Texas. Trial Ct. Op., filed Feb. 18, 2025, at 4-5. It noted that Caterpillar provided an affidavit from a general manager for Foley stating that Foley does not have offices in Philadelphia; Foley's employees and equipment are located within 15 minutes from Middlesex County Superior Court in New Jersey; and it would present an undue hardship to require multiple employees to travel from Northern New Jersey to Philadelphia for a two to three week product liability trial. *Id.* The court noted that Foley relied on invoices that directed payments to be remitted to a post office box in Philadelphia, but pointed out Foley claimed the post office box was opened by its bank.

The court then, without analyzing the public factors, concluded that dismissal was proper because Philadelphia County had "very little, if any" interest in this case:

> The fact of the matter is that Philadelphia has very little if any, interest in this Matter. The incident occurred in New Jersey, from equipment leased in New Jersey, involving parties and witnesses that reside in New Jersey and are located in New Jersey, except for . . . Caterpillar, which has its principal place of business in Texas. Appellants provided affidavits from three possible witnesses, which contained the same language word for word, the only difference being the witness's name, all stating that they would not find it problematic to travel to Philadelphia for the trial. However, even with the affidavits, the fact remains the same: Philadelphia County has very little, if any, interest in this Matter.

*Id.* at 5-6.

The court's comparison of the convenience of litigating in Philadelphia versus New Jersey, instead of Pennsylvania as compared to New Jersey, was improper. It is an error of law for a trial court to "make[] an analysis based on the inconvenience of one county to another state because '[a] case's lack of connection to one county does not justify dismissal from the entire state.'" *Failor*, 248 A.3d at 535 (citation omitted) (some alteration in original).

The issue is whether, on consideration of the public and private factors, the movant has carried its burden to show "weighty reasons" to dismiss the case. Although the trial court recited the factors, it did not discuss or weigh the public factors. Instead, it granted the motion because, in its opinion, "Philadelphia ha[d] very little, if any, interest in this Matter." Trial Ct. Op. at 6. The failure to consider and weigh the public factors when deciding whether to grant a *forum non conveniens* dismissal was improper. ***See Bochetto***, 94 A.3d at 1048; ***Wright v. Aventis Pasteur, Inc.***, 905 A.2d 544, 550 (Pa.Super. 2006) (reversing forum non conveniens dismissal where the trial judge "did not discuss the arguments presented by appellants, but focused primarily on the parties' lack of ties to Philadelphia County"). We therefore conclude the trial court abused its discretion because it failed to conduct a full and thorough analysis of the *forum non conveniens* factors. ***See Bochetto***, 94 A.3d at 1056.

Furthermore, we conclude Appellees failed to carry their burden of establishing weighty reasons for dismissing the case. A petitioner seeking an interstate *forum non conveniens* dismissal must present "a sufficient factual

basis" to support the request. **Ficarra v. Consol. Rail Corp.**, 242 A.3d 323, 332 (Pa.Super. 2020) (citation omitted); **see Failor**, 248 A.3d at 535 (stating that movant seeking *forum non conveniens* dismissal bears the burden of proof). Appellees did not do so here.

The Pennsylvania Supreme Court's recent opinion in **Tranter v. Z&D Tour, Inc.**, 343 A.3d 1106, 1126 (Pa. 2025), guides us. The Court there was considering a question related to the one we consider: the quantum of evidence necessary to grant a *forum non conveniens* transfer within Pennsylvania. **See** Pa.R.Civ.P. 1006(d).

The litigation in **Tranter** arose from a multi-vehicle pile-up in Westmoreland County. Several plaintiffs filed suit in Philadelphia. The defense petitioned for a transfer to Westmoreland County by identifying 66 potential witnesses. It produced affidavits from 11 of them, as well as unnotarized statements from 32 others. **Id.** at 1116, 1118. The witnesses stated that traveling to Philadelphia for the litigation "would represent a significant financial burden (as they would have to pay for the costs associated with travel and lodging), and present significant disruptions to their personal and professional lives." **Id.** at 1116 (quoting **Tranter v. Z&D Tour, Inc.**, No. 211001768, 2022 WL 16541676, at *2 (C.C.P. Phila. Oct. 4, 2022)).

The trial court found that "much of the critical trial testimony" would come from witnesses who resided in or near Westmoreland County. **Id.** (quoting **Tranter**, 2022 WL 16541676, at *2). It acknowledged that two potential witnesses lived closer to Philadelphia. However, it concluded that the

fact that far more witnesses lived more than 200 miles from Philadelphia outweighed any difficulty that a trial in Westmoreland County would occasion to plaintiffs and their witnesses. *Id.* at 1116-17. The trial court therefore granted the petition.

This Court concluded the transfer was improper. It faulted the defendants for failing to establish that the identified individuals were "key" witnesses who would provide "relevant and necessary" testimony that would be "critical to [the] defense[.]" *Id.* at 1114 (quoting *Tranter v. Z&D Tour, Inc.*, 303 A.3d 1070, 1075-78 (Pa.Super. 2023)).

The Pennsylvania Supreme Court reversed. It rejected this Court's "key witness" requirement as incompatible with its cases. *Id.* at 1121, 1127. The Court explained that whether the evidence is sufficient to warrant a transfer "is left to the sound discretion of the trial court, subject to review for abuse of that discretion." *Id.* at 1126.

The Court, however, clarified that some specificity is necessary. It explained that because the defendant bears the burden on a *forum non conveniens* petition, "[p]roviding the court with a general statement of potential witnesses' identities and some sense of their anticipated testimony is essential to the entire exercise[.]" *Id.* at 1127.

Of course, *Tranter* is not directly on point because it dealt with a *forum non conveniens* transfer between counties, and here we confront a *forum non*

*conveniens* dismissal in favor of another jurisdiction.[5] Nonetheless, ***Tranter***'s explanation of the evidentiary burden makes sense in both contexts.[6] For both types of motion, the movant bears the burden, and the motion is typically made during the initial stages of the case. While a party cannot reasonably be expected to have developed (and then divulge) its litigation plan at such an early phase, the court needs an adequate factual basis on which to make a decision. It therefore seems proper to require a party seeking a *forum non conveniens* dismissal to give at least a general statement of potential witnesses' identities and a brief summary of their anticipated testimony.

Appellees failed to clear even ***Tranter***'s relatively low evidentiary bar. Caterpillar's initial motion did not identify any witnesses or summarize their possible testimony. Caterpillar instead flatly asserted that "the pertinent fact witnesses, including eye-witnesses [sic], co-workers, police, EMTs, and treating physicians are all located in New Jersey." Add'l Def. Caterpillar's Motion to Dismiss Based Upon *Forum Non Conveniens* at 10, ¶ 53. It cited, without explanation, exhibits to its motion: "***See*** Ex. C. and D." ***Id.*** It added an assertion that Appellants "received no medical treatment in Pennsylvania,

_____

[5] ***Compare*** Pa.R.Civ.P. 1006(d) ***with*** 42 Pa.C.S.A. § 5322(e). ***See also Tranter***, 343 A.3d at 1114 n.1 ("The instant appeals solely concern the question of intrastate transfer, and the parties have not invoked 42 Pa.C.S. § 5322(e) or associated case law.").

[6] ***See Alford v. Phila. Coca-Cola Bottling Co., Inc.***, 531 A.2d 792, 793-94 (Pa.Super. 1987) (although transfers under Rule 1006(d) and Section 5322(e) differ, the remedies derive from the same common law doctrine and this Court found its decisions addressed Rule 1006(d) apply with equal force to cases under Section 5322).

and no injuries occurred in Pennsylvania. ***See*** Ex. B, p[p.] 1-3." ***Id.*** at 11, ¶ 57. It stated that the machinery that injured Garcia was operated by Waite and asserted that Garcia "has check-ups every six weeks with Dr. Evan[.]" ***Id.*** at 2, ¶¶ 3 & 8. However, it did not explicitly assert that either Waite or Dr. Evan was a possible witness at trial and gave no summary of their possible testimony.

The exhibits that Caterpillar cited, Exhibits B, C, and D, are, respectively, Plaintiffs' Answers to the Foley Defendants' First Set of Interrogatories; a police report; and a set of OSHA forms. Together, they span 24 pages and contain many names. Caterpillar did not state in its motion which, if any, of those names it considered to be possible witnesses at trial. Foley joined Caterpillar's motion and memorandum without making further allegations.

With its reply memorandum, Caterpillar presented an affidavit from Foley's general manager, Emerson. Emerson asserted that it would be "an undue hardship and be oppressive" to require "multiple employees" either to be on call for trial or "travel from northern New Jersey to Philadelphia on a daily basis for a two to three week product liability trial." Reply Mem. of Law in Further Support of Add'l Def. Caterpillar Inc.'s Motion to Dismiss Based Upon Forum Non Conveniens, Ex. A at 2 (unpaginated), ¶ 10. In the reply, Caterpillar stated that "all of the pertinent witnesses" were in New Jersey. Add'l Def. Caterpillar Inc.'s Reply in Further Support of Its Motion to Dismiss

Based Upon *Forum Non Conveniens* at 2, ¶ 9. However, neither Emerson's affidavit nor Caterpillar's reply papers ever named any potential witnesses.

Appellees' submissions in the trial court did not identify any potential witnesses or summarize their possible testimony. The exhibits to Caterpillar's motion included the names of many people. That was not enough. Some named people seem likely to be possible witnesses – such as eyewitnesses to the incident – while others likely are not – such as the U.S. Secretary of Labor and the OSHA area director. Most fall somewhere in the middle. Appellees failed to identify those they considered to be potential witnesses and moreover, they have not offered a summary of potential testimony. They offer no greater clarity on appeal. "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of [a] claim. Further, this Court will not become counsel for [a party] and develop arguments on [its] behalf." **Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa.Super. 2014) (citations omitted).

The trial court did not attempt to sift through the documents and make judgments about which, if any, of the persons named were potential witnesses. To the extent Caterpillar's initial motion did mention Waite and Dr. Evan, that is insufficient because Caterpillar did not offer any notion of their testimony. It also bears emphasizing that one of the two people Caterpillar named in its initial motion, Waite, gave an affidavit stating that if there is a trial in Philadelphia, it would not be "problematic" for him to attend and testify. Pls.' Response in Opposition to Add'l Def. Caterpillar Inc.'s Motion to Dismiss,

Ex. D at 2, ¶ 6 (unpaginated). Moreover, the nature of the potential testimony of most individuals mentioned in the exhibits to Caterpillar's motion was not clear. Although in a few instances the exhibits contain short recitations of some statements given to authorities, in many others, no such summary appears. It was therefore not possible to assess whether there was a realistic possibility of the person being called to testify at trial.

Without more information, it was not possible for the court to evaluate Appellees' assertion that "multiple" employees would need to travel to attend every day of a two-to-three-week trial. Nor could the court properly perform much of the private factors analysis. Appellees did not present a sufficient factual basis to support their request. *Ficarra*, 242 A.3d at 332. We therefore conclude that the trial court abused its discretion and reverse the order.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Murray files a dissenting memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/31/2026